COMMONWEALTH *vs.* JOHN MATHER.

Bristol.   October 24. — 25, 1876.   DEVENS & LORD, JJ., absent.

The 19th article of amendment of the Constitution of the Commonwealth, requiring the Legislature to provide for the election of " clerks of the courts by the people of the several counties," does not apply to the clerk of a district court, whose jurisdiction is inferior to the principal courts, and extends over part of a county only.

COMPLAINT to the Third District Court of Bristol, charging the defendant with keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors.

In the Superior Court, before *Wilkinson,* J., on appeal, before the jury were empanelled, the defendant filed a plea in bar, alleging that there was no proper record before the court, for the reason that the person signing his name as clerk of the Third District Court of Bristol derived his authority, if at all, wholly by appointment of the Governor of the Commonwealth,* and that the appointing and commissioning of said person, so acting as clerk, by said authority, was unconstitutional and void. The district attorney filed a demurrer to the plea, and the judge sustained the demurrer. The jury returned a verdict of guilty; and the defendant alleged exceptions.

No counsel appeared for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. The nineteenth article of amendment of the Constitution, requiring the Legislature to provide for the election of " clerks of the courts by the people of the several counties," does not apply to the clerk of a district court, whose jurisdiction is inferior to the principal courts, and extends over part of a county only.                    *Exceptions overruled.*

---

\* The St. of 1874, *c.* 293, establishing district courts in the county of Bristol, provides, in § 4, that " a clerk of each of said courts shall be appointed and commissioned by the Governor, for the term of five years."