## In the Matter of Janet Rowe Dugan.

Suffolk. May 20, 1994. - July 6, 1994.

Present: Liacos, C.J., Wilkins, Abrams, Nolan, Lynch, O'Connor, & Greaney, JJ.

*Clerk of Court. Supreme Judicial Court*, Removal of clerk of court, Jurisdiction. *Practice, Civil*, Proceeding for removal of clerk of court. *Words*, "Officers of the Commonwealth," "Judicial officers."

A clerk magistrate of a District Court was not an "officer . . . of the Commonwealth," subject to removal only by impeachment under Part II, c. 1, § 2, art. 8, of the Constitution of the Commonwealth [187], nor was she a "judicial officer," removable only upon the address of both houses of the Legislature under Part II, c. 3, art. 1, of said Constitution [187-190]; consequently, the clerk-magistrate was not entitled to relief from a judgment of this court removing her from office in accordance with the provisions of G. L. c. 211, § 4.

Formal charges filed in the Supreme Judicial Court on February 22, 1993.

Following the decision of this court in 416 Mass. 461 (1993), a motion for relief from judgment, filed on April 20, 1994, was considered by the court.

*Harry L. Miles & Stephen R. Kaplan*, for the respondent, submitted a brief.

*Francis D. Dibble, Jr., Ellen M. Randle & Carol E. Kamm*, for The Committee on Professional Responsibility for Clerks of the Courts, submitted a memorandum.

*Scott Harshbarger*, Attorney General, *& Jonathan Arnold Abbott*, Assistant Attorney General, for the Attorney General, amicus curiae, submitted a brief.

Wilkins, J. On December 2, 1993, this court entered a judgment that Janet Rowe Dugan be removed from the office of clerk of the Northampton Division of the District Court Department. The court did so because sufficient cause had

been shown for her removal and because the public good required her removal. *Matter of Dugan*, 416 Mass. 461, 470 (1993). The court acted pursuant to statutory authority stated in G. L. c. 211, § 4 (1992 ed.).

On April 20, 1994, Dugan filed a motion for relief from judgment, alleging that the December 2, 1993, judgment was "void in that the Court acted without jurisdiction in that she had status as a judicial officer of the Commonwealth by reason of her authority" granted by various statutes. She alleged that by reason of those statutes "she was subject to removal only by impeachment under Pt. 2, c. 1, § 2, art. 8, of the Constitution of the Commonwealth or by address under Pt. 2, c. 3, art. 1 of said Constitution."[1]

Neither the Committee on Professional Responsibility for Clerks of the Courts, which filed the formal charges against Dugan, nor the Attorney General, who has filed a brief as a friend of the court at the court's request, challenges Dugan's right by a motion for relief from judgment to contest the judgment's validity. There is authority that, when a court has rendered final judgment in a contested action, a party may not litigate that court's subject matter jurisdiction in subsequent litigation except in certain circumstances. See *Harker* v. *Holyoke*, 390 Mass. 555, 559-560 (1983); *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 586 (1949) (after final judgment rights of parties may be limited to methods of direct attack, such as petition to vacate); Restatement (Second) of Judgments § 12 (1982). Here the challenge purports to be raised in the same proceeding. In the interest of dispelling any doubts about the underlying question of our power of removal, we accept the underlying issue as properly raised even after a full evidentiary hearing and detailed findings of

---

[1]Part II, c. 1, § 2, art. 8, provides for the determination in the Senate of an impeachment by the House of Representatives "against any officer . . . of the Commonwealth."

Part II, c. 3, art. 1, as amended by art. 98, of the Amendments to the Massachusetts Constitution, provides that the Governor, with the consent of the council, may remove "judicial officers" upon the address of both houses of Legislature.

fact, a full opinion of this court, the entry of a final judgment of removal, and the passage of more than four months from the entry of final judgment before the motion for relief from judgment was filed.

Dugan's argument rests on the premise that a clerk with her authority may be removed from office only by action taken pursuant to the Constitution of the Commonwealth. The impeachment provisions of Part II, c. 1, § 2, art. 8, of the Constitution concern "officers of the Commonwealth." *Opinion of the Justices*, 308 Mass. 619, 622-624 (1941). Not all persons employed by the Commonwealth are officers of the Commonwealth. *Id.* at 623. The phrase includes a member of the Executive Council (*id.* at 625-626), but it does not include a county commissioner (*Opinion of the Justices*, 167 Mass. 599, 600 [1897]), or a district attorney (*Attorney Gen.* v. *Pelletier*, 240 Mass. 264, 294 [1922]; *Attorney Gen.* v. *Tufts*, 239 Mass. 458, 478-481 [1921]). The phrase concerns a person elected by the people at large, or holding an office provided for in the Constitution for the administration of matters of general or State concern. *Opinion of the Justices*, 308 Mass. at 623-624. Dugan was appointed, not elected. G. L. c. 218, § 8 (1992 ed.). The office of clerk of a District Court is not provided for in the Constitution. See *Commonwealth* v. *Mather*, 121 Mass. 65 (1876) (constitutional provision for election of clerks of court not applicable to clerk of District Court). Consequently, the impeachment provisions of the Constitution of the Commonwealth are inapplicable to a clerk of a District Court.

The question whether Dugan may be removed only by an address requires fuller discussion. The provisions of Part II, c. 3, art. 1, concerning address relate to "judicial officers." If a person is a judicial officer, the Legislature may not delegate its power of removal of that person to this court. *Opinion of the Justices*, 302 Mass. 605, 621 (1939). In 1941, this court held that the clerk of the Superior Court for the county of Suffolk for civil business was not a judicial officer. *Commonwealth* v. *Connolly*, 308 Mass. 481, 490 (1941). "He was an officer of the court, but he was not a judicial officer,

for he had no judicial functions." *Id.* A member of the Industrial Accident Board was not a "judicial officer." *Pigeon's Case*, 216 Mass. 51, 56 (1913). This court once said that "[i]t may be often difficult to ascertain, in particular instances, whether the office falls within the description [of a judicial officer] and whether the duties assigned to an officer make it a judicial office or not." *Dearborn* v. *Ames*, 8 Gray 1, 16-17 (1857).

There is reason today to construe the words "judicial officer" in Part II, c. 3, art. 1, narrowly. When, in 1972, the people voted to change art. 1 to include the mandatory retirement of judges at age seventy, the words added were "and provided further, that upon attaining seventy years of age *said judges* shall be retired" (emphasis added). Art. 98 of the Amendments to the Massachusetts Constitution. The reference made by the words "said judges" can only be to the words "judicial officers" appearing earlier in art. 1. The implication of the words of the Amendment is that, at least by 1972, only judges were judicial officers. See also the interchangeable use of the words "judges" and "judicial officers" in *Opinion of the Justices*, 372 Mass. 883, 908 (1977).

Dugan's argument is that, since this court's *Connolly* opinion in 1941, various statutes have changed the role of a clerk of court so that a clerk now functions as a judicial officer, deciding matters of importance in a judicial way. If there has been any such change, the Legislature has not reacted to it. General Laws c. 211, § 4, has remained unchanged for decades in its direction that a majority of the Justices of this court may remove a District Court clerk.[2]

Dugan relies on a multitude of statutes to contend that a District Court clerk has such judicial functions that she is a judicial officer. These statutes fall into several categories. We shall not discuss each. Many grant ministerial functions that

---

[2]Our discussion proceeds as if our removal authority is derived solely from G. L. c. 211, § 4. If an office holder is not a judicial officer, this court, even without statutory authority, may have a power of removal "as an incident of the judicial function." *Opinion of the Justices*, 300 Mass. 596, 600 (1938).

are not exclusively judicial. See, e.g., G. L. c. 218, § 37 (1992 ed.) (right to issue witness summons in criminal cases); G. L. c. 221, § 62C (*c*) (1992 ed.) (right to call pretrial conferences); G. L. c. 258B, § 8 (1992 ed.) (power to waive victim and witness assessment fees in civil motor vehicle case not heard by judge).[3] Other statutes grant authority to a clerk, subject to judicial supervision. See, e.g., G. L. c. 90C, § 3 (A) (4), as amended by St. 1992, c. 379, §§ 5, 5A, and St. 1993, c. 12, § 2 (hearing civil motor vehicle violations to determine responsibility, subject to de novo hearing before judge); G. L. c. 218, § 22 (1992 ed.) (hearing of small claims matters unless plaintiff seeks hearing before judge; defendant can appeal for hearing before judge). The clerk's authority to decide such minor matters does not transform the clerk's position to that of a judicial officer. A master, auditor, or administrative hearing officer does not become a judicial officer because she has the authority to make findings of fact and rulings of law. Indeed, all the powers granted to a magistrate under G. L. c. 221, § 62C, must be exercised only "as allowed by rule of court promulgated by the administrative justice of the appropriate department and approved by" this court.

Dugan makes a stronger, but also unsuccessful, argument by pointing to her authority to issue warrants, to admit people to bail or personal recognizance, and to determine whether probable cause exists to detain arrested persons. These can be important decisions, even though they are preliminary matters. Although judges perform these functions, none of them is a function historically performed exclusively by judges. The relevant statutes definitely state otherwise. See G. L. c. 276, §§ 57 and 58, as amended through St. 1992, c. 201, §§ 1-5, and St. 1992, c. 379, § 186; G. L. c. 218, § 33 (1992 ed.). See also *Jenkins* v. *Chief Justice of*

---

[3]Dugan's claim that she had the power to excuse people from jury service pursuant to G. L. c. 234, § 1A (1992 ed.), may have ended on the date that the one day, one trial system became effective in Hampshire County. See G. L. c. 234A, §§ 1, 39 (1992 ed.). In any event, that function is not exclusively a judicial one.

*the Dist. Court Dep't*, 416 Mass. 221, 243 (1993). The law requires only a detached and neutral magistrate in such circumstances, and not a judge. See *Shadwick* v. *Tampa*, 407 U.S. 345, 349-350 (1972); *Jenkins* v. *Chief Justice of the Dist. Court Dep't*, *supra* at 243 & n.39.

A District Court clerk is not a judicial officer removable only by address. The motion for relief from judgment is denied.

*So ordered.*