WESTON J. STOW *vs.* COMMONWEALTH. July 1, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice, Removal of clerk of court.

Weston J. Stow, the defendant in an underlying criminal case, filed a petition in the county court seeking a variety of relief in the nature of mandamus and pursuant to G. L. c. 211, §§ 3, 4, and 4A (1994 ed.). A single justice denied Stow's petition without a hearing, and Stow appeals. We affirm.

1. Stow's requests for an order compelling the preparation of the transcript, assembly of the record, and other steps in the underlying criminal matter have become moot. The transcript has been prepared, the record assembled, Stow's appeal entered in the Appeals Court, and the appeal recently decided against him by that court. *Commonwealth* v. *Stow*, 40 Mass. App. Ct. 1125 (1996).

Stow's contention that the delay in the preparation of the transcript was inordinate, a deliberate blocking of his appellate rights, or otherwise violative of his due process, could have been raised in the normal appellate course, and, in any event, was completely unsupported by the materials before the single justice. Therefore, the single justice was warranted in denying relief with respect to that claim. See *Campiti* v. *Commonwealth*, 417 Mass. 454, 456-457 (1994); *Commonwealth* v. *Lee*, 394 Mass. 209, 220-221 (1985).

2. To the extent that Stow requested the single justice to grant relief from the default entered against him in the District Court jury session, he could have, and indeed has, pursued that relief in his appeal to the Appeals Court. Accordingly, relief under G. L. c. 211, § 3, was properly denied. See *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986) ("We have emphasized that relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review. . . . Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied").

3. Stow's request to have his entire case transferred directly to this court under G. L. c. 211, § 4A, was a matter within the single justice's discretion. The single justice was well within his discretion in denying that request.

4. Finally, citing G. L. c. 211, § 4, Stow requested an order from the

single justice removing from office the clerk of the Framingham Division of the District Court Department. Such an order would have been beyond the single justice's authority. The statute expressly states that a vote of a majority of the Justices of this court is needed to remove a clerk. See, e.g., *Matter of Dugan*, 416 Mass. 461, 463 (1993), *S.C.*, 418 Mass. 185 (1994). Moreover, the requested order would have been completely unwarranted on this record. For these reasons, the single justice was correct in refusing it.

*Judgment affirmed.*

The case was submitted on briefs.

*Weston J. Stow,* pro se.

*Thomas F. Reilly,* District Attorney, & *David W. Cunis,* Assistant District Attorney, for the Commonwealth.