*Mark Cimini*, pro se.


WILLIAM M. TYREE *vs.* COMMONWEALTH. September 20, 2007. *Habeas Corpus. Practice, Criminal,* Capital case.

William M. Tyree appeals from a judgment of a single justice of this court denying his petition for a writ of habeas corpus pursuant to G. L. c. 276, § 19. We affirm.

Tyree was convicted in 1980 of murder in the first degree. We affirmed the conviction. See *Commonwealth* v. *Tyree*, 387 Mass. 191 (1982), cert. denied, 459 U.S. 1175 (1983). In 2006, he filed several motions in the Superior Court seeking, among other things, dismissal of the indictment on the basis of lack of jurisdiction (due to an alleged absence of probable cause to arrest). Those motions were denied. Tyree sought leave from a single justice of this court, pursuant to the gatekeeper provision of G. L. c. 278, § 33E, to appeal. He simultaneously sought relief from the denial of his motions through a petition pursuant to G. L. c. 211, § 3. In a separate filing in the county court, Tyree petitioned for a writ of habeas corpus pursuant to G. L. c. 276, § 19. In the latter petition, he launched a new jurisdictional challenge to his conviction: that his arrest was unlawful because it did not comply with the criminal interstate rendition procedures of G. L. c. 276, §§ 11-20R. The single justice denied that petition. In a separate judgment, he denied Tyree's petition under G. L. c. 278, § 33E, and dismissed the one under G. L. c. 211, § 3.

In this appeal, Tyree challenges only the denial of his petition for a writ of habeas corpus. His appeal fails on the record before us. A habeas corpus petition filed under G. L. c. 276, § 19, is normally filed in the Superior Court. See 1 E. Blumenson, S.Z. Fisher, & D. Kanstroom, Massachusetts Criminal Practice § 6.3C (1998) (challenges to validity of arrest under G. L. c. 276, § 19, "should be filed in the superior court"). Tyree should have filed his petition there; had he done so and if it was denied, he could have obtained review by this court only if he was granted leave by a single justice pursuant to the gatekeeper provision of G. L. c. 278, § 33E. He cannot circumvent the gatekeeper provision by filing his petition in the county court in the first instance. See *Napolitano* v. *Attorney Gen.*, 432 Mass. 240, 243 n.5 (2000) (noting that defendant convicted of murder in first degree should have raised challenge to constitutionality of statute under which he was sentenced through motion in trial court, rather than through action in county court seeking declaratory judgment).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William M. Tyree*, pro se.