BARRY H. SPENCER, JR. *vs.* SUPERIOR COURT FOR SUFFOLK COUNTY. November 20, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Mandamus. Moot Question. Practice, Criminal,* Transcript of hearing. *Appeals Court,* Appeal from order of single justice.

Barry H. Spencer, Jr., the defendant in two underlying criminal cases, filed a petition in the county court seeking relief in the nature of mandamus, pursuant to G. L. c. 249, § 5, as well as a motion for appointment of counsel.[1] A single justice of this court denied relief, and we affirm the judgment.

To the extent the petition sought an order compelling preparation of transcripts, the request has become moot.[2] See, e.g., *Stow* v. *Commonwealth*, 423 Mass. 1002 (1996). The Superior Court dockets in the underlying cases indicate that transcripts either have been prepared or, with respect to one hearing, a transcript cannot be prepared but the defendant has waived reconstruction. In fact, the record already has been assembled in one of the cases, the petitioner's appeal has been entered in the Appeals Court, and an attorney has filed an appellate brief on his behalf.[3]

To the extent the petition additionally sought a stay of one of the petitioner's

---

[1]He also filed with this court a motion seeking transfer of an appeal now pending in the Appeals Court to this court. We deny the motion. We likewise deny his request for oral argument.

[2]We acknowledge the frustration of litigants whose appeals are sometimes delayed awaiting preparation of transcripts. This is not a case, however, in which the single justice erred or otherwise abused her discretion in denying the requested relief.

[3]If the petitioner now challenges either the transcripts themselves, or the composition and assembly of the record on appeal more generally, he may raise those concerns

sentences, he was denied such relief by a single justice of the Appeals Court, and a panel of that court in a memorandum and order pursuant to its rule 1:28 affirmed the denial. *Commonwealth* v. *Spencer*, 75 Mass. App. Ct. 1112 (2009).[4] Not only is mandamus not available to review or reverse a discretionary decision of a judicial officer, *Montefusco* v. *Commonwealth*, 452 Mass. 1015 (2008), but the petitioner has not demonstrated that the single justice otherwise erred or abused her discretion in declining to issue the relief requested.[5]

*Judgment affirmed.*

The case was submitted on briefs.

*Barry H. Spencer, Jr.,* pro se.

*Joseph M. Ditkoff,* Assistant District Attorney, for the defendant.


---

below. See, e.g., Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1978); Mass. R. A. P. 9, as amended, 417 Mass. 1601 (1994).

[4]Although the petitioner received sentences for both of his convictions, the Superior Court docket for one indictment indicates that his sentence was deemed served. He does not allege error with respect to denial of a stay with respect to that sentence.

[5]While the petitioner also requested the single justice appoint counsel for him, he has not pressed the issue on appeal. We similarly do not address issues, arguments, or requests for relief that were not before the single justice. *Milton* v. *Boston*, 427 Mass. 1016 (1998). With respect to the petition for a writ of habeas corpus the petitioner recently filed in this appeal, in particular, we note that the petitioner may file a claim for such relief in the Superior Court, but express no opinion as to the merits of the petition.