NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12299

RAYMOND P. VINNIE  vs.  SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTE, NORFOLK.


March 21, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


In 1993, Raymond P. Vinnie was convicted of murder in the first degree.  After plenary review, we affirmed the conviction and the denial of his motion for a new trial.  Commonwealth v. Vinnie, 428 Mass. 161, cert. denied, 525 U.S. 1007 (1998), overruled on another ground by Commonwealth v. Paulding, 438 Mass. 1 (2002).  In 2016, Vinnie filed a petition for a writ of habeas corpus pursuant to G. L. c. 248, § 1, in the county court, arguing that he was unlawfully imprisoned pursuant to a void mittimus.  A single justice of this court transferred the petition to the Superior Court.  A judge in that court denied relief.  Vinnie then filed a motion in the county court, seeking to reinstate his petition on the ground that the Superior Court judge made various procedural and substantive errors.  The same single justice denied the motion without a hearing.  Vinnie appeals from that ruling.

The single justice properly denied Vinnie's motion to reinstate the petition.  The Superior Court judge's decision denying habeas relief was reviewable in the ordinary appellate process.  After habeas relief was denied in the Superior Court, Vinnie "could have obtained review by this court only if he was granted leave by a single justice pursuant to the gatekeeper provision of G. L. c. 278, § 33E.  He cannot circumvent the gatekeeper provision by filing his petition in the county court in the first instance."  Tyree v. Commonwealth, 449 Mass. 1034, 1034 (2007), cert. denied, 554 U.S. 926 (2008).  There was no basis to "reinstate" the petition in the county court.

                    <u>Judgment affirmed</u>.


     <u>Raymond P. Vinnie</u>, pro se.
     <u>Eric A. Haskell</u>, Assistant Attorney General, for the
respondent.