NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12729


RAYMOND P. VINNIE  vs.  SUPERINTENDENT, MASSACHUSETTS
CORRECTIONAL INSTITUTION, NORFOLK.


July 16, 2019.


Supreme Judicial Court, Superintendence of inferior courts.


     Raymond P. Vinnie was convicted of murder in the first
degree in 1993.  We affirmed both the conviction and the denial
of his motion for a new trial.  Commonwealth v. Vinnie, 428
Mass. 161, 163, cert. denied, 525 U.S. 1007 (1998).  Since then,
Vinnie has filed numerous postconviction motions, both in the
trial court and in this court.  See, e.g., Vinnie
v. Superintendent, Mass. Correctional Inst., Norfolk, 479 Mass.
1007, 1008 (2018) (affirming single justice's judgment denying
motion to reinstate petition for writ of habeas corpus); Vinnie
v. Commonwealth, 475 Mass. 1011, 1012 (2016) (affirming single
justice's judgment denying mandamus relief).  In his most recent
effort to obtain relief, Vinnie filed a "Verified Complaint for
Declaratory and Injunctive Relief" in the county court, which a
single justice denied without a hearing.

     Vinnie has now filed a memorandum and appendix pursuant to
S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Even
though rule 2:21 does not apply here, because he is not
challenging any interlocutory rulings of the trial court, it is
clear that he is not entitled to relief.  Regardless of how
Vinnie styles his filing, his request for declaratory and
injunctive relief is merely a recasting of the same types of
claims that he has raised in his previous postconviction
filings.  Even if his claims were new, his avenue for seeking
relief is in the Superior Court in the first instance.  Should
his efforts in that court be denied, he can then seek leave to
obtain review in this court pursuant to the gatekeeper provision

of G. L. c. 278, § 33E.  What he cannot do, as we have recently reminded him, is "circumvent the gatekeeper provision" by filing petitions or complaints such as this in the county court in the first instance.  <u>Vinnie</u>, 479 Mass. at 1007-1008, quoting <u>Tyree</u> v. <u>Commonwealth</u>, 449 Mass. 1034, 1034 (2007).

The single justice did not err in denying relief.

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Raymond P. Vinnie</u>, pro se.