NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13311

LEONARD JERMAINE JACKSON  vs.  COMMONWEALTH.


March 29, 2024.


Supreme Judicial Court, Superintendence of inferior courts,
    Appeal from order of single justice.  Practice, Civil,
    Transfer of action to Superior Court.



Leonard Jermaine Jackson, the defendant in the underlying
criminal case, filed a petition in the county court requesting
to have his case transferred from the Superior Court in Bristol
County to this court, pursuant to G. L. c. 211, § 4A.  A single
justice denied the petition without a hearing.  We affirm.

In 2002, Jackson was found guilty of murder in the first
degree, as well as unlawful possession of a firearm.  Both
convictions were affirmed on direct appeal.  See Commonwealth v.
Jackson, 447 Mass. 603 (2006).  In 2014, he filed a petition in
the county court, pursuant to G. L. c. 211, § 3, seeking to
raise various arguments challenging the lawfulness of his
conviction (2014 petition).  A single justice of this court
transferred the matter to the Superior Court.  In 2022, Jackson
filed the instant petition, asserting that his prior petition
had never been ruled upon by the Superior Court, and requesting
that his case be transferred to this court for resolution of the
arguments raised in his 2014 petition.

A defendant's request to have his case transferred to this
court under G. L. c. 211, § 4A, is "a matter within the single
justice's discretion."  Stow v. Commonwealth, 423 Mass. 1002,
1002 (1996).  See McCabe v. Commissioner of Correction, 465
Mass. 1001, 1001 (2013).  Here, there was no basis to conclude
that the single justice was required to transfer Jackson's

criminal case, and "no indication that [the single justice] abused his discretion in declining to do so."  Sharma v. County Mtge., LLC, 489 Mass. 1006, 1006 (2022).  Accordingly, the single justice did not err or abuse his discretion in denying relief.[1,2]

Judgment affirmed.


The case was submitted on briefs.
Leonard Jermaine Jackson, pro se.
David B. Mark, Assistant District Attorney, for the Commonwealth.

---

[1] We note that Jackson's 2014 petition appears to have been ruled upon by the Superior Court in an order dated April 5, 2015, which makes explicit reference to the 2014 petition, its transfer to the Superior Court, and the arguments raised therein.  The Commonwealth's suggestion at a subsequent motion hearing that the 2014 petition remained unresolved seemingly related to documents that Jackson had submitted to the county court after his 2014 petition had already been transferred.

[2] We further note that because Jackson stands convicted of murder in the first degree, he may not appeal from the denial of relief by the Superior Court without first obtaining leave by a single justice of this court, pursuant to G. L. c. 278, § 33E. See Vinnie v. Superintendent, Massachusetts Correctional Inst., Norfolk, 479 Mass. 1007, 1007 (2018) (single justice properly denied defendant's request to reinstate petition, which had been transferred to Superior Court, where relief was subsequently denied, because defendant could not "circumvent the gatekeeper provision by filing his petition in the county court in the first instance" [citation omitted]).