MICHAEL B. FORTE *vs.* COMMONWEALTH. February 10, 1997. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal, Appeal.*

The petitioner was convicted in 1987 on charges of breaking and entering in the nighttime, larceny in a building, and assault and battery, and is presently incarcerated. He filed a petition in the county court in 1996, pursuant to G. L. c. 211, § 3, seeking to be released from confinement while his appeal from the trial court's denial of his most recent attempt to obtain post-

conviction relief is pending in the Appeals Court. He now appeals from the judgment of a single justice denying his petition without a hearing.[1]

The petitioner's request for relief under G. L. c. 211, § 3, was premised on his contention that his underlying appeal was being unjustly delayed by the Commonwealth. Prior to filing his petition, he pursued a number of other avenues to obtain the desired relief. Assuming that no other means of seeking recourse remained, and therefore that his petition under G. L. c. 211, § 3, was appropriately filed, we nevertheless conclude that the single justice did not err or abuse his discretion in denying this petition. See *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994) ("It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law"); *Kyricopoulos* v. *Richardson*, 409 Mass. 1009 (1991). While we do not condone the delay in the underlying appeal caused by the Commonwealth's repeated requests for extensions of time in which to file its brief, we cannot say that the delay was necessarily unjust or unusual. There is nothing in the record indicating that it rises to the level of a deliberate blocking of appellate rights. See *Commonwealth* v. *Lee*, 394 Mass. 209, 220-221 (1985); *Williams, petitioner*, 378 Mass. 623, 625-627 (1979).

The petitioner would fare no better if we were to view his petition as a motion seeking admission to bail pending appeal, see Mass. R. Crim. P. 30 (c) (8) (A), 378 Mass. 900 (1979), or a motion to stay execution of the remainder of his sentence pending appeal, see Mass. R. Crim. P. 31 (a), 378 Mass. 902 (1979). We would conclude, in either situation, that on this record the single justice did not err or abuse his discretion. See *Commonwealth* v. *Sowell*, 412 Mass. 1009 (1992); *Commonwealth* v. *Allen*, 378 Mass. 489, 496-499 (1979). See generally *Upton, petitioner*, 387 Mass. 359, 370 (1982).

We note the petitioner's criticism that, nearly ten years after his convictions, he has yet to receive a resolution on the merits of his underlying claims. The record demonstrates, however, that his predicament is due in no small part to his own failure to pursue his claims in a proper and prompt fashion. We also note that, since the time of the single justice's consideration of this petition, the Commonwealth has voluntarily waived its right to file a brief in the petitioner's underlying appeal. Thus, the case is now ripe for determination by the Appeals Court.

*Judgment of the single justice affirmed.*

The case was submitted on briefs.

*Michael B. Forte*, pro se.

*William J. Meade*, Assistant Attorney General, for the Commonwealth.

---

[1]The petitioner also cited G. L. c. 248, § 25, and G. L. c. 279, § 4, as grounds for seeking relief. The latter statute, as presently written and in effect at the time of the filing of the petition, no longer has any applicability to this type of case. The former statute, assuming it to be applicable here, compare *Averett, petitioner*, 404 Mass. 28 (1989), would provide the petitioner no greater relief in the circumstances than would be available under G. L. c. 211, § 3.