*Marcus B. Diggs, Jr.*, pro se.


MICHAEL FORTE *vs.* COMMONWEALTH. June 22, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Mandamus.*

In 1987, the petitioner was convicted of breaking and entering in the nighttime, larceny in a building, and assault and battery. Although the Appeals Court allowed the petitioner's motion to file a late appeal, it dismissed the appeal in 1991 pursuant to its standing order 17A because the petitioner failed to

file a brief. In 1993, the petitioner filed a motion for postconviction relief pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), which a Superior Court judge denied. The petitioner appealed, and the Appeals Court summarily affirmed the denial pursuant to its rule 1:28. *Commonwealth* v. *Forte*, 42 Mass. App. Ct. 1108 (1997). During the pendency of his motion and subsequent appeal, the petitioner twice requested, and each time was denied, release from confinement. *Forte* v. *Commonwealth*, 424 Mass. 1012, 1012-1013 (1997). *Forte* v. *Commonwealth*, 418 Mass. 98, 99 (1994).

After being denied habeas corpus relief in Federal District Court, the petitioner filed in the Superior Court a petition for a writ of habeas corpus through which he raised various constitutional claims that he had previously argued in support of his motion for postconviction relief. The judge dismissed the petition, and the petitioner filed a notice of appeal together with a motion for an expedited appeal. Thereafter, the petitioner filed in the Supreme Judicial Court for Suffolk County an application for a writ of mandamus compelling the clerk of the Superior Court to immediately assemble the record of the habeas corpus proceeding and to provide him with copies of the transcript and the docket. The application did not allege that the clerk had failed to perform any ministerial duties in processing the appeal. The petitioner indicated that he would soon be released from prison and, therefore, sought "any such other order or instruction that would serve to facilitate a timely and meaningful resolution to petitioner's constitutional claims."

Subsequently, the petitioner requested that the county court exercise its superintendence power pursuant to G. L. c. 211, § 3, to "resolve petitioner's substantive constitutional claims on the merits." Shortly after he was released from prison, the petitioner filed a motion through which he argued that his release did not render his appeal moot. He requested a declaration that his 1987 convictions "are a constitutional nullity without force or effect." A single justice denied the petitioner's application for a writ of mandamus and the petitioner appealed. We affirm.

Notwithstanding the dismissal of his direct appeal, the petitioner obtained review of his convictions by the Appeals Court, albeit after a lengthy delay.[1] The petitioner raised his constitutional arguments through both his motion for postconviction relief and his appeal from the denial of that motion. Although he could have applied for further appellate review, he did not do so.

"Mandamus is an extraordinary writ. It is granted in the discretion of the court where no other relief is available. Whether it ought to issue is commonly a matter of discretion with the single justice . . . ." *Security Coop. Bank* v. *Inspector of Bldgs. of Brockton*, 298 Mass. 5, 6 (1937), and cases cited. See *Mack* v. *Clerk of the Appeals Court*, 427 Mass. 1011, 1012 (1998). Moreover, "even if the act sought to be compelled is ministerial in nature, relief in the nature of mandamus is extraordinary and may not be granted except to prevent a failure of justice in instances where there is no other adequate remedy." *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n*, 397 Mass. 341, 344 (1986). We conclude that the single justice did not abuse her discretion in denying the petitioner's application for a writ

---

[1]In *Forte* v. *Commonwealth*, 424 Mass. 1012, 1013 (1997), we observed that the delay was "due in no small part to [the petitioner's] own failure to pursue his claims in a proper and prompt fashion."

of mandamus directing the clerk of the trial court to expedite the processing of the petitioner's habeas corpus appeal, particularly where no failure to act by the clerk had been alleged. Moreover, as the petitioner was released from custody before the single justice denied his request for mandamus relief, the petitioner's habeas corpus appeal became moot, and assembly of the record no longer was necessary.

Even if the declaratory relief that the petitioner requested concerning the validity of his convictions were of a type that the single justice could, in her discretion, have granted, which is doubtful, the petitioner would not be entitled to relief under G. L. c. 211, § 3, because he had an "opportunity to pursue ordinary appellate review." *Solimine* v. *Davidian*, 422 Mass. 1002, 1002 (1996). An application for further appellate review, rather than a petition under G. L. c. 211, § 3, was the proper means for the petitioner to have pursued his constitutional claims after they were rejected by the Appeals Court. Although the petitioner has been acting pro se, he is "bound by the same rules of procedure as litigants with counsel." *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 847 (1983), and cases cited.

*Judgment affirmed.*

The case was submitted on briefs.

*Thomas Reilly*, Attorney General, & *Pamela L. Hunt*, Assistant Attorney General, for the Commonwealth.

*Michael B. Forte*, pro se.