[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1217

MICHAEL B. FORTE,

Plaintiff, Appellant,

v.

THOMAS REILLY, ATTORNEY GENERAL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Michael B. Forte on brief pro se.
Thomas F. Reilly, Attorney General, and Eva M. Badway, Assistant Attorney General, on brief for appellee.

August 8, 2002

**Per Curiam**. Plaintiff Michael Forte was convicted of various state crimes back in 1987. Although he has since been released from prison, he wishes to bring a damages action under 42 U.S.C. § 1983 to obtain redress for various constitutional violations that allegedly tainted that criminal proceeding. Under Heck v. Humphrey, 512 U.S. 477 (1994), however, he cannot do so unless and until one or more of his underlying convictions have been invalidated. Accord, e.g., Figueroa v. Rivera, 147 F.3d 77, 80-81 (1st Cir. 1998). Recognizing this fact, Forte has filed a multitude of actions in state and federal court seeking to accomplish that task--all without avail. A recent such effort consisted of a petition for declaratory relief which the state court denied in 2001 on statute-of-limitations grounds. Claiming that he is entitled under Heck to a state-court adjudication of his constitutional claims on the merits (as a foundation for a future § 1983 action), Forte now seeks a federal court injunction compelling the state court to undertake such review. The district court dismissed. We affirm.

As we understand his argument, Forte apparently believes that § 1983 and Heck and the Due Process Clause, in concert, create a federal right to have constitutional challenges to a conviction heard on the merits in state court-- a right enforceable by injunctive relief in federal court.

That belief would seem clearly misplaced. Cf. Spencer v. Kemna, 523 U.S. 1, 17 (1998) (rejecting view "that a § 1983 action for damages must always and everywhere be available").[1] But we need not decide the point, inasmuch as Forte did obtain substantive review of his claims as part of the collateral proceeding brought under Mass. R. Crim. P. 30. See Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999) (rescript) (so noting).[2] There is no conceivable basis for an injunction here designed simply to provide Forte with a second round of such review. His complaint thus fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Affirmed.

---

[1] We note that there has been no suggestion here of any "illegal blocking [of] access to state post-conviction remedies." Hoard v. Reddy, 175 F.3d 531, 533 (7th Cir.), cert. denied, 528 U.S. 970 (1999).

[2] Forte's failure to obtain review by the state's highest court in that regard was due to his own dereliction. See Forte, 429 Mass. at 1020 ("Although he could have applied for further appellate review, he did not do so.").

-3-