*Irene B. Schall* for the plaintiff.

MAHENDRA KUMAR SAGAR & another[1] *vs.* MIDDLESEX DIVISION OF THE PROBATE AND FAMILY COURT DEPARTMENT OF THE TRIAL COURT. November 16, 2006. *Mandamus. Supreme Judicial Court,* Appeal from order of single justice.

Mahendra Kumar Sagar appeals from a judgment of the county court denying his petition for relief in the nature of mandamus or relief under G. L. c. 211, § 3. We affirm the judgment.

Sagar and his former wife were divorced in 2001, and they were granted joint custody of their child. *Sagar* v. *Sagar,* 57 Mass. App. Ct. 71 (2003) (affirming judgment of divorce). Sagar has since filed a complaint for modification in the Probate and Family Court, seeking among other things to change his visitation schedule with the child. In his petition and in several supplements thereto, he alleged numerous procedural errors, accused a judge assigned to the matter of various improprieties, and asserted claims of errors in the findings and rulings issued by another probate judge after a trial on the complaint for modification.[2,3] The single justice denied relief without a hearing.

---

[1]The petitioner's minor child.

[2]This is the second petition filed by Sagar in the county court in connection with this custody dispute. His first petition, filed in 2002, was denied by a single justice, and Sagar did not appeal. Accordingly, that petition is not before us. Also, in his brief to this court, Sagar states that he has submitted a third petition and that it has not appeared on the docket. That petition also is not before us.

[3]Each document Sagar filed with the county court in this case contains a "certificate of service" stating that the document was *not* served on any other parties due to Sagar's fear of retaliation by a judge. This left the judge without an opportunity to respond to Sagar's accusations of wrongdoing. Similarly, although Sagar's former wife is a party to the proceedings in the Probate and Family Court, he did not name her as a respondent in this case, leaving her without an opportunity to respond. The failure to serve the petition and other papers presents an additional reason not to disturb the judgment. Mass. R. Civ. P. 4, as amended, 402 Mass. 1401 (1988). S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." *Murray* v. *Commonwealth, ante* 1010, 1010 (2006), citing *Forte* v. *Commonwealth*, 429 Mass. 1019, 1020 (1999). "[E]ven if the act sought to be compelled is ministerial in nature, relief in the nature of mandamus is extraordinary and may not be granted except to prevent a failure of justice in instances where there is no other adequate remedy." *Murray* v. *Commonwealth, supra*, quoting *Forte* v. *Commonwealth, supra*. Similarly, "[r]elief pursuant to G. L. c. 211, § 3, is not available where the petitioner can seek the requested relief by other adequate and effective avenues." *'Abdullah* v. *Secretary of Pub. Safety, ante* 1009, 1009 (2006), citing *Scott* v. *District Attorney for the Norfolk Dist.*, 445 Mass. 1022 (2005). If, as Sagar argues on several grounds, he did not receive a fair trial on his complaint for modification, or if the outcome of that trial was incorrect, his remedy is the normal appellate process.[4] As to his allegations that a judge in the Probate and Family Court engaged in misconduct warranting an investigation, the body charged with performing such investigations in the first instance is the Commission on Judicial Conduct, not this court. See generally G. L. c. 211C. The single justice did not err or abuse his discretion in denying relief.

*Judgment affirmed.*

*Mahendra Kumar Sagar*, pro se.

---

[4]To the extent that Sagar sought relief from one or more interlocutory rulings of the trial court, he was required to file a memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He did not do so. This failure presents "an independent ground for not disturbing the single justice's judgment." *Afrasiabi* v. *Rooney*, 432 Mass. 1006, 1007 (2000).