NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12156

TIMOTHY E. CICHOCKI & another[1]  vs.  TOWN OF REHOBOTH.[2]

November 15, 2018.

Mandamus.  Supreme Judicial Court, Superintendence of inferior courts.

The petitioners, Timothy E. Cichocki and Y. Dolly Hwang, appeal from a judgment of a single justice of this court denying their petition for relief pursuant to G. L. c. 211, § 3, and for a writ of mandamus pursuant to G. L. c. 249, § 5 (collectively, the "petition").  We affirm.

In 2007, the petitioners' property was foreclosed on a tax lien; in 2009, on the motion of the town of Rehoboth (town), a judge in the Land Court allowed the town to foreclose on the petitioners' right of redemption.  The Appeals Court affirmed the judgment.  See Rehoboth v. Hwang, 78 Mass. App. Ct. 1129 (2011).  This court denied the petitioners' application for further appellate review.  See 463 Mass. 1111 (2012).  The petitioners then sought relief in the Federal courts.  They also refused to leave the property, and the town ultimately sought a preliminary injunction to enjoin them from occupying the property.[3]  After the petitioners' efforts in the Federal courts

_____

[1] Y. Dolly Hwang.

[2] The petitioners also named the Land Court and the Southeast Division of the Housing Court Department as respondents.  The courts are nominal parties only.  See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[3] To the extent that the Land Court judge stayed the tax lien foreclosure pending appeal, that stay expired when the

were unsuccessful, they filed their petition in the county court, asking the court to vacate the lower court judgments; to order the town to return their house and all of the personal property that was kept therein; and to "[o]rder the Bristol County [district attorney] to resume its investigation" of an "incident" that occurred at their house in June, 2013.[4]  The single justice denied the petition without a hearing.

In their appeal to this court the petitioners continue to argue, as they did in their various other court proceedings, that they have been wronged by the town's actions in foreclosing on their home.  They assert that this court has "mandamus jurisdiction" because "adequate or effective remedies were not available elsewhere."  That the petitioners are unhappy with the results they received in their other court cases does not mean, however, that those remedies were inadequate.  Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief."  Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).  Similarly, "[r]elief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).

The petitioners have already obtained appellate review of the tax lien foreclosure judgment, and to the extent that there were other trial court judgments with which they were dissatisfied, they could have done the same.  Furthermore, any effort by the petitioners to cast their current arguments as "jurisdictional" appears to be nothing more than an attempt to recast already-litigated issues.  "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of

_____

appellate process ended, i.e., when the petitioners' application for further appellate review was denied.  Additionally, it appears that the preliminary injunction enjoining the petitioners from occupying their home was based at least in part on a Housing Court judge's determination that the home was unsafe and unfit for habitation.

[4] It appears that although the petitioners had moved out of their house, they had left personal property behind, and that the "incident" in question involved the town's removal, with notice, of that personal property.

appellate review after the normal process has run its course." <u>Votta</u> v. <u>Police Dep't of Billerica</u>, 444 Mass. 1001, 1001 (2005).

The single justice did not err or abuse his discretion in denying relief.

<u>Judgment affirmed</u>.

<u>Y. Dolly Hwang</u>, pro se.
<u>Joshua D. Jacobson</u>, Assistant Attorney General, for the Land Court & another.
<u>Timothy E. Cichocki</u>, pro se, was present but did not argue.
<u>Jason R. Talerman</u>, for town of Rehoboth, was present but did not argue.