NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12627


BRANDON WYNN NAVOM  vs.  CLERK OF THE SUPERIOR COURT IN
MIDDLESEX COUNTY & another.[1]


July 16, 2019.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Civil, Action in nature of mandamus.


     The petitioner, Brandon Wynn Navom, appeals from a judgment
of a single justice of this court denying his petition seeking
relief in the nature of mandamus and pursuant to G. L. c. 211,
§ 3.  We affirm.

     In October 2017, Navom commenced an action in the Superior
Court against the respondent Martin J. Walsh.[2]  After Walsh filed
a motion to dismiss the complaint, Navom served written
discovery requests.  In response, Walsh filed a motion to stay
discovery, on April 9, 2018.  On June 4, 2018, and with no
opposition from Navom having been filed, a judge in the Superior
Court allowed the motion to stay.  Shortly thereafter, and
notwithstanding the stay, Navom filed a motion for final
judgment pursuant to Mass. R. Civ. P. 33 (a) (4), as appearing
in 436 Mass. 1401 (2002), on the basis that Walsh had failed to
respond to the discovery requests.  The motion was denied on
August 31.  On September 5, Navom filed an "Emergency Averred
Complaint" in the county court seeking "relief in nature of
mandamus, an injunction in equity," and relief pursuant to G. L.
c. 211, § 3, and asking the court to order the Superior Court

---

[1] Martin J. Walsh.

[2] Walsh is the mayor of Boston.  In the underlying Superior
Court action, the petitioner named Walsh in his personal
capacity.

clerk to enter judgment in Navom's favor.  The single justice denied the petition without a hearing, and Navom appeals.

In response to Navom's appeal, the respondent clerk has indicated his belief that the appeal is subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), because, in his view, Navom is challenging an interlocutory discovery ruling of the trial court -- that is, the denial of Navom's motion for judgment pursuant to Mass. R. Civ. P. 33 (a) (4).  As styled by Navom, however, the relief that he sought in his G. L. c. 211, § 3, petition was an order mandating the clerk to enter a final judgment pursuant to Mass. R. Civ. P. 33 (a) (6), as appearing in 454 Mass. 1404 (2009).  Regardless of whether rule 2:21 applies, however, it is clear that this is not a situation where extraordinary relief from this court is required.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief."  Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).  Similarly, "[r]elief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).  Here, there is other relief available to Navom.  There is no reason why he cannot adequately obtain review of his claims in his direct appeal in the underlying Superior Court action, which is now pending in the Appeals Court.[3]

The single justice did not err or abuse her discretion in denying relief.

Judgment affirmed.


The case was submitted on briefs.
Rinaldo Del Gallo, III, for the petitioner.
Nicole M. O'Connor, Senior Assistant Corporation Counsel, & Nieve Anjomi, Assistant Corporation Counsel, for Martin J. Walsh.

---

[3] While Navom's appeal from the single justice's judgment has been pending in this court, Walsh's motion to dismiss in the underlying action was allowed in the Superior Court.  Navom has appealed; his appeal has been entered in the Appeals Court; and, according to the docket in that appeal, Navom filed his brief and record appendix on June 21, 2019.