SUPREME JUDICIAL COURT 
 
 EDWARD TYRONE JONES vs. COMMONWEALTH

 
 Docket:
 SJC-13733
 
 
 Dates:
 November 4, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts
 
 

             The petitioner, Edward Tyrone Jones, is currently awaiting trial in two separate criminal matters in the Superior Court.  During the pendency of both cases, Jones filed a petition, pursuant to G. L. c. 211, § 3, concerning those underlying proceedings.  A single justice of this court denied the petition and Jones appeals.  We affirm.   
            Background.  On November 15, 2022, Jones was indicted in the Superior Court in Worcester County on five counts of breaking and entering a building at night with intent to commit a felony, G. L. c. 266, § 16, four counts of larceny from a building, G. L. c. 266, § 20, and five counts of wanton destruction of property, G. L. c. 266, § 127.  Approximately twenty-one months later, he was indicted in a separate matter in the Superior Court in Worcester County on charges of breaking and entering a building at night with intent to commit a felony, larceny from a building, being a common and notorious thief, G. L. c. 266, § 40, and resisting arrest, G. L. c. 268, § 32B.  Jones was appointed the same attorney in both matters (trial counsel). 
            On October 8, 2024, trial counsel filed motions to withdraw from both matters.  After these motions were allowed, Jones filed the underlying petition in the county court.  In his petition, submitted pro se, Jones asserted that the trial court had yet to appoint successor counsel as of November 1, 2024.  He also raised various allegations of prosecutorial and judicial misconduct, as well as allegations of inadequate representation by trial counsel prior to counsel's withdrawal.  On February 4, 2025, the single justice entered judgment denying the petition.  This appeal followed.[1]
            Discussion.  The case is currently before the court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  To the extent that Jones challenges the trial court's failure to appoint successor counsel, rule 2:21 does not apply.  See Stacy v. Superior Court Dep't, 480 Mass. 1029, 1029-1030 (2018) (rule 2:21 inapplicable where petitioner "was not challenging any interlocutory ruling of the trial court, but rather the inaction of the court" [citation omitted]).  Even as to this claim, however, Jones is not entitled to relief unless he first "demonstrates the absence of an adequate and effective alternative remedy."  Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018), and cases cited.  Where, as here, a single justice has denied Jones relief under G. L. c. 211, § 3, we will not disturb that decision on appeal "absent a clear error of law or abuse of discretion" (citation omitted).  Roberts v. Hingham Div. of the Dist. Court Dep't, 486 Mass. 1001, 1002 (2020).
            Here, Jones did not attempt to meet his burden of showing that adequate alternative remedies were unavailable, and it is apparent from the record that the single justice did not commit an error of law or otherwise abuse her discretion in denying relief.  As Jones himself acknowledges, he has since been appointed successor counsel.[2]  Accordingly, to the extent that the petition concerned the supposed initial delay in appointing counsel, it is now moot.  See Johnston v. Commonwealth, 449 Mass. 1026, 1026 (2007).  The remaining arguments in the petition concerned claims of error in the trial court, including allegations of prosecutorial and judicial misconduct, ineffective assistance of trial counsel, discovery violations, and violations of Jones's right to a speedy trial.  For these claims of error, Jones "had adequate alternative avenues to seek the relief he requests in connection with the criminal case[s] against him."  Roberts, 486 Mass. at 1002, and cases cited (affirming denial of relief under G. L. c. 211, § 3, where petitioner raised allegations of prosecutorial and judicial misconduct in pending criminal matter, as well as claims concerning constitutional right to speedy trial and discovery).  See Afrasiabi v. Commonwealth, 477 Mass. 1001, 1002 (2017) (noting that, while it was unclear whether defendant had taken action in trial court relating to request for removal of presiding judge and prosecutor, had he done so, there was "no reason why the denial of any such motion could not be adequately addressed in a direct appeal from any adverse judgment"); Lewis v. Commonwealth, 460 Mass. 1008, 1008 (2011) (denial of discovery motions could be remedied on direct appeal from criminal conviction); Stevens v. Commonwealth, 450 Mass. 1012, 1013 (2007) (defendant not entitled to relief under G. L. c. 211, § 3, concerning pro se "motion for speedy trial" that was docketed but not ruled upon, where defendant "could, with the assistance of counsel, renew" his request for hearing on pro se motion). 
            Finally, insofar as the petition requested an investigation into Jones's allegations of judicial misconduct, "the body charged with performing such investigations in the first instance is the Commission on Judicial Conduct, not this court."  Sagar v. Middlesex Div. of the Probate & Family Court Dep't of the Trial Court, 447 Mass. 1022, 1023 (2006).  Indeed, Jones availed himself of this procedure by filing a complaint with the Commission on Judicial Conduct.  He also filed complaints with the Office of Bar Counsel concerning his allegations of misconduct by the prosecutor and trial counsel.  Neither body found a basis to investigate, and Jones "has no private right of action to have those determinations reviewed by this court."  Anderson v. Commonwealth, 483 Mass. 1020, 1021 n.1 (2019).  See Matter of a Request for an Investigation of an Attorney, 449 Mass. 1013, 1014 (2007) (petitioner "cannot commence a judicial action challenging bar counsel's decision and seek a judicial order compelling bar counsel to act in a certain way").
            In sum, Jones did not meet his threshold burden of demonstrating that he was entitled to relief under G. L. c. 211, § 3, and the single justice correctly denied the petition.
Judgment affirmed.
            The case was submitted on briefs. 
            Edward Tyrone Jones, pro se.

footnotes
 
            [1] Jones's motion to file a nonconforming brief is hereby allowed.  Jones's filing, titled "Petition for Writ of Habeas Corpus," in which he requests that the court order his presence at a hearing on this matter, is hereby denied as moot.
            [2] The attorney who was first appointed as successor counsel later moved for leave to withdraw, but a second attorney was appointed to represent Jones on March 18, 2025.  It appears from the record before us that this attorney continues to represent Jones in the underlying criminal cases.