PATRICK LYNCH vs. NATHAN CROSBY & another.

Middlesex.   Jan. 30. — Feb. 28, 1883.   FIELD & W. ALLEN, JJ., absent.

Certiorari does not lie to quash the proceedings of a police court in issuing a warrant for the seizure of intoxicating liquors.

MORTON, C. J.   This is a petition for a writ of certiorari to be directed to the judge and clerk of the Police Court of Lowell. The writ is sought, not to be used as ancillary to any other process, but for the purpose of quashing the proceedings of the said police court in issuing a search warrant for the seizure of intoxicating liquors.   A writ of certiorari lies only to correct the errors of inferior courts, or officers acting judicially, in proceedings not according to the course of the common law.   It does not lie to revise the acts of a court whose procedure is according to the course of the common law, and whose errors can be corrected by appeal or exceptions, or by a writ of error.   Gen. Sts. c. 145, § 8.   Pub. Sts. c. 186, § 7.   *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206.   *Tewksbury* v. *County Commissioners*, 117 Mass. 563.   Police courts are courts of record, of common law jurisdiction, civil and criminal.   In receiving complaints and issuing warrants for the seizure of intoxicating liquors illegally kept, they proceed according to the course and principles of the common law.   Any decisions of the court may be appealed from.   At the trial in the Superior Court, any legal objections to the complaint and warrant may be taken, and are the subjects of appeal or exceptions, or, in a proper case, of a writ of error.   Though the cause for the search and seizure did not exist at common law, but is created by statute, this is immaterial.   The procedure to enforce the statute is according to the course of the common law, in the same manner as are proceedings by indictment and trial for any new offence created by statute.

Without considering other objections to the petition, we are therefore of opinion that the court has no jurisdiction to issue a writ of certiorari in the case before us.   *Petition dismissed.*

*C. L. B. Whitney*, (*P. Webster* with him,) for the petitioner.

*W. B. Stevens*, for the respondents.