DAVID RINES, administrator, *vs.* JUSTICES OF THE SUPERIOR COURT

(and a companion case[1]).

Suffolk. April 6, 1953. — July 3, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, & COUNIHAN, JJ.

*Certiorari. Mandamus. Practice, Civil*, Review of interlocutory action, New trial. *Supreme Judicial Court*, Review of interlocutory action.

In an action of tort wherein, after a verdict for the plaintiff, the judge on motion of the defendant entered a verdict for the defendant under leave reserved and "took no . . . formal action" on a motion by the defendant for a new trial, and, more than three years later, ordered a new trial without the filing of any new motion therefor by the defendant, the plaintiff had an adequate remedy respecting alleged error in the order for a new trial by exception and therefore could not maintain either a certiorari proceeding or a mandamus proceeding against the Superior Court seeking to "vacate, set aside and annul" such order, even though, in the absence of a report of the order by the judge, review thereof by this court on a bill of exceptions could not be had until the case was ready for final disposition after the new trial.

PETITIONS for a writ of certiorari and for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on April 17, 1952, and April 11, 1952, respectively.

The cases were heard by *Williams*, J., on demurrer.

*David Rines & Robert H. Rines*, for the petitioner.

---

[1] The companion case is brought by the same petitioner against the same respondents.

*Harris A. Reynolds*, Assistant Attorney General, (*Joseph H. Elcock, Jr.*, Assistant Attorney General, with him,) for the respondents.

Qua, C.J. The first case is a petition in this court for a writ of certiorari to "vacate, set aside and annul" an order for a new trial entered in the Superior Court on October 3, 1951, in each of two actions of tort there pending and numbered respectively 42024 and 42028. The second case is a petition in this court for a writ of mandamus directing the respondent justices to "vacate, set aside and annul" the same orders for new trial. After the sustaining of demurrers by the single justice the cases are before the full court on the petitioner's bills of exceptions.

The substance of the material allegations of the petition in the first case is that the petitioner, as administrator of the estate of his deceased wife, brought each of the two actions of tort against a physician for alleged malpractice causing personal injury to the plaintiff's wife and bringing about her death; that the two tort actions were tried together; that the trial consumed approximately three and one half weeks and resulted in verdicts for the plaintiff in No. 42024 of $2,000 on the count for death and of $6,000 on the count for personal injury and in No. 42028 of $2,000 on the count for death and of $5,000 on the count for personal injury, the trial judge reserving leave to enter verdicts for the defendants; that thereafter the defendant in each of the tort cases moved for the entry of verdicts in his favor under the leave reserved and also moved for a new trial on each of said counts on the usual grounds; that thereupon, on February 27, 1948, the judge set aside the verdicts for the plaintiff in each action, and in No. 42024 he entered a verdict for the defendant on the count for death and "took no further formal action" as to that count, but denied the defendant's motion for entry of a verdict in his favor on the count for personal injury and granted the defendant's motion for new trial on that count, and in No. 42028 he entered a verdict for the defendant on both the count for

death and the count for personal injury and "took no further formal action" as to those counts on the motion for new trial; that the plaintiff then took steps extending over a period of more than three years to prepare successive drafts of a consolidated bill of exceptions for both actions, the latest draft of which was presented to the judge on June 5, 1951, but was never allowed; and that finally on October 3, 1951, the judge "issued orders for new trial" on the death count in No. 42024 and on both counts in No. 42028, these being the counts on which he had previously entered verdicts for the defendants under leave reserved. It is alleged that the judge gave as his reasons for granting new trial that he was entirely satisfied that a medical witness who had been called by the plaintiff "did not have the surgical experience which he testified he did have; that he was not qualified to give expert opinion testimony in these cases; that . . . [the judge's] ruling permitting him to testify was a mistake; that this mistake was the substantial, if not the sole factor in producing verdicts for the plaintiff . . . ; that these verdicts represent a miscarriage of justice"; and that he "therefore" ordered new trials on the specified counts on the ground that the verdicts were "against the weight of the evidence."

The gist of the petitioner's grievance is that the judge finally, after more than three years, granted a new trial upon the same counts upon which he had previously entered verdicts for the defendants under leave reserved, without the filing by the defendants of any·new motions for new trial; that by entering the verdicts on these counts the judge had "automatically" by implication denied the defendants' motions for new trial as to such counts and could not subsequently allow a new trial upon them on the same motions. There are further allegations that need not be stated in detail in which the petitioner asserts, or upon which he bases contentions that all parties in the tort actions and their counsel understood that no further action was to be taken on the motions for new trial as to those counts; that by "accepting the directed verdicts in

their behalf, under leave reserved," and by taking part in the subsequent proceedings relative to the plaintiff's exceptions the defendants "had acquiesced" in the "automatic" denials of their motions as to those counts and to that extent had waived their motions and became estopped to seek further action upon them; that the new trial was granted without hearing[1] and for a reason not stated in the motions for new trial; that the original action of the judge in entering the verdicts on the counts in question was res judicata as to those counts; that the orders of October 3, 1951, for a new trial deprive the petitioner of his constitutional and vested rights; that in reliance upon the judge's original action the petitioner had waived his count for personal injury in No. 42024; that he had been put to expense and labor in connection with his bills of exceptions in the tort actions; and that as matters now stand he can get no relief without first trying the tort actions over again in accordance with the judge's orders.

The allegations in the second case are in general similar but with added allegations as to bias and prejudice of the judge and lack of a sufficient hearing before the granting of a new trial by the orders of October 3, 1951. It is not necessary to state these allegations in detail.

From the foregoing summary of the allegations of the petitions it is apparent that every alleged error complained of and every contention made could have been raised and presented to this court by exceptions taken and properly followed up in due course under the provisions of G. L. (Ter. Ed.) c. 231, § 113, as amended by St. 1945, c. 328. It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy. Some of the cases are collected

---

[1] It is stated, however, in the petitioner's reply brief in the first case that there was a hearing on these motions in 1948. His grievance seems to be that he personally was in effect excluded from a second or renewed hearing in 1951, which he also contends was held on inadequate notice, although his counsel was present.

Rines *v*. Justices of the Superior Court.

in the footnote.[1]  See also *Kevorkian* v. *Superior Court,*
295 Mass. 355.  It cannot be held that the usual remedy by
bill of exceptions is not adequate, even though it may
require a new trial, as not infrequently it does.  These
propositions have been so long in force and acted upon so
unvaryingly in this Commonwealth that it would take an
extreme case indeed to induce us to depart from them, even
though the petitioner has succeeded in finding a number of
decisions in other jurisdictions in which the practice ap-
parently differs from ours and in which one of the extraor-
dinary writs was employed for a purpose somewhat
similar to that for which the petitioner seeks to employ
those writs in these cases.  See, for example, *Ex parte
Simons,* 247 U. S. 231; *Ex parte Skinner & Eddy Corp.*
265 U. S. 86; *S. M. Hamilton Coal Co.* v. *Watts,* 232 Fed.
832; *Quevedo* v. *Superior Court,* 131 Cal. App. 698.

We think it not necessary to consider the further question
whether certiorari is ever available where the proceedings
in the court below are "according to the course of the
common law."  See G. L. (Ter. Ed.) c. 249, § 4, as appearing
in St. 1943, c. 374, § 1; *Parks* v. *Mayor & Aldermen of
Boston,* 8 Pick. 218, 227; *Mendon* v. *County Commissioners of
Worcester,* 5 Allen, 13, 15; *Farmington River Water Power*

---

[1] *Savage* v. *Gulliver,* 4 Mass. 171.  *Selectmen of Gardner* v. *Templeton Street
Railway,* 184 Mass. 294, 297–298.  *Attorney General* v. *New York, New Haven
& Hartford Railroad,* 197 Mass. 194, 199.  *Crocker* v. *Justices of the Superior
Court,* 208 Mass. 162, 164.  *Casey* v. *Justice of the Superior Court,* 229 Mass.
200, 201.  *Daly* v. *Mayor of Medford,* 241 Mass. 336, 339.  *Cambridge Savings
Bank* v. *Clerk of Courts,* 243 Mass. 424, 427–428.  *Mayor of Medford* v. *Judge
of First District Court of Eastern Middlesex,* 249 Mass. 465, 468.  *County Com-
missioners of Essex* v. *Mayor of Newburyport,* 252 Mass. 407.  *McLaughlin* v.
*Mayor of Cambridge,* 253 Mass. 193, 199.  *Peckham* v. *Mayor of Fall River,*
253 Mass. 590, 592.  *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass.
160, 163.  *Bushell* v. *Mayor of Malden,* 260 Mass. 476.  *Prusik* v. *Board of
Appeal of Boston,* 262 Mass. 451, 453.  *Godfrey* v. *Building Commissioner of
Boston,* 263 Mass. 589, 592–593.  *Whitney* v. *Judge of District Court of Northern
Berkshire,* 271 Mass. 448, 458–459.  *Maher* v. *Commonwealth,* 291 Mass. 343,
345–346.  *Amory* v. *Assessors of Boston,* 306 Mass. 354, 357–358.  *Dube* v.
*Mayor of Fall River,* 308 Mass. 12, 14.  *Jordan Marsh Co.* v. *Labor Relations
Commission,* 312 Mass. 597, 599.  *Worcester Gas Light Co.* v. *Water Commis-
sioners of the Woodland Water District of Auburn,* 314 Mass. 60, 62–63.  *Seney*
v. *Board of Health of Northampton,* 314 Mass. 272, 273.  *Parrotta* v. *Hederson,*
315 Mass. 416, 420–421.  *Tracht* v. *County Commissioners of Worcester,.* 318
Mass. 681, 686.  *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29,
30.  *Administrator of the Office of Price Administration* v. *Chook,* 320 Mass.
187, 192.  *Howe* v. *Attorney General,* 325 Mass. 268, 270.

*Co.* v. *County Commissioners,* 112 Mass. 206, 212; *Tewksbury* v. *County Commissioners of Middlesex,* 117 Mass. 563, 564; *Lynch* v. *Crosby,* 134 Mass. 313; *Fino* v. *Municipal Court of the City of Boston,* 326 Mass. 277, 280; *Butman* v. *Fence Viewers of Chelsea,* 327 Mass. 386. Neither need we consider the general rule, which may be subject to qualification, that mandamus is a remedy for inaction and not available where action has already been taken. *Howe* v. *Attorney General,* 325 Mass. 268, 270.

In these cases apparently the petitioner prefers to have the verdicts which the judge entered against him stand, subject to such exceptions as he may have preserved, rather than to take his chance on a new trial. It is possible to understand this preference. But the petitioner's position is inconsistent with another principle, also of general application in this Commonwealth, that this court cannot be required to deal with cases in interlocutory stages, except where the trial judge has exercised his discretion to that end by reporting the action taken by him under G. L. (Ter. Ed.) c. 231, § 111, or in equity under G. L. (Ter. Ed.) c. 214, § 30. Those sections are designed to furnish a means for immediate review by this court of interlocutory action where justice requires such review. In the absence of a report by the trial judge the proper course is to proceed in accordance with his orders until the case is ready for final disposition. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. *Anti* v. *Boston Elevated Railway,* 247 Mass. 1. *Macchiaroli* v. *Howell,* 294 Mass. 144. *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273. See *Gulesian* v. *Richardson,* 306 Mass. 184, 186–187. The cases before us present no special circumstances adequate to take them out of the general rule. The fact that a new trial must be had imposes no greater hardship than is incurred in carrying out many kinds of interlocutory orders. It is not even certain that decisions by us now in favor of the petitioner in the cases before us would end the tort cases, since if we understand the petitioner correctly, he claims still to have exceptions pending in those cases wherein

he attacks the verdicts entered by the judge on leave reserved.

There is nothing in *Mengel* v. *Justices of the Superior Court,* 313 Mass. 238, inconsistent with what is here said. In that case the petitioners had an absolute statutory right to an immediate preliminary determination by a single justice of this court of the matter of a temporary injunction in a labor dispute. That right would have been forever lost to them if relief had not been given before the main suit could be heard in the Superior Court.

In each case the entry will be

*Exceptions overruled.*