ERNEST MACK *vs.* CLERK OF THE APPEALS COURT & others.[1] July 7, 1998.
*Supreme Judicial Court*, Appeal from order of single justice. *Mandamus.*

The petitioner filed a petition for mandamus in the Supreme Judicial Court for Suffolk County. G. L. c. 249, § 5. He sought an order to compel his former appellate counsel to resume his representation or to require the Appeals Court to order the Committee for Public Counsel Services (CPCS) to appoint another attorney to represent him. A single justice of this court denied the petition and the petitioner appeals.

At the time this action was initiated, the petitioner was appealing from his convictions of extortion and assault and battery by means of a dangerous weapon.[2] In May, 1996, the petitioner's appointed attorney moved to withdraw from representation on the ground that the petitioner twice spat in his face and cursed him when he appeared to appeal the petitioner's sentence before the Appellate Division of the Superior Court. The Appeals Court allowed counsel to withdraw and ordered CPCS to appoint successor counsel. CPCS assigned

---

[1]The Appeals Court, the director of the private counsel division of the Committee for Public Counsel Services, and Attorney Earl Howard.

[2]After the single justice denied the petitioner's request for relief, the Appeals Court dismissed his appeal for lack of prosecution.

the petitioner's case to Attorney Earl Howard and informed the petitioner by letter that no further counsel would be assigned if he were unable to work with Howard. When Howard moved to withdraw,[3] the Appeals Court granted the motion and deemed the petitioner to be proceeding pro se. The petitioner then initiated this action against Howard, the clerk and Justices of the Appeals Court, and the director of the private counsel division of CPCS. The essence of his claim is that the respondents violated his rights when Howard moved to withdraw from his case, the Appeals Court granted the motion and deemed the petitioner to be proceeding pro se, the clerk of the Appeals Court failed to instruct CPCS to appoint new counsel, and the director of CPCS's private counsel division failed to assign his case to a new attorney.[4]

We will not disturb a decision of a single justice absent clear error of law or abuse of discretion. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106 (1989). With respect to a petition for writ of mandamus, we have stated, "When the single justice has exercised his discretion against the issuance of the writ, his determination will rarely be overturned. . . . Whether [mandamus] ought to issue is commonly a matter of discretion with the single justice before whom the hearing is held." (Citations omitted.) *Security Coop. Bank* v. *Inspector of Bldgs. of Brockton*, 298 Mass. 5, 5-6 (1937). See *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n*, 397 Mass. 341, 344 (1986).

In this case, the petitioner's basic challenge is to the ruling of the Appeals Court, as the actions of the other respondents were in accordance with the orders of the Appeals Court. "[M]andamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991).

We affirm the order of the single justice.

*So ordered.*

The case was submitted on briefs.

*Ernest Mack*, pro se.

*Ellyn H. Lazar*, Assistant Attorney General, for Clerk of the Appeals Court & others.

---

[3]As grounds, Howard cited a "complete and total breakdown of the attorney client relationship," the petitioner's written request that he withdraw, and the petitioner's "extreme and profane" behavior.

[4]We do not address the petitioner's other claims which were not raised before the single justice.