CARLO R. MONTEFUSCO[1] *vs.* COMMONWEALTH. October 29, 2008. *Mandamus. Practice, Civil,* Action in nature of mandamus. *Practice Criminal,* New trial.

Carlo R. Montefusco appeals from a judgment of the county court denying his petition for relief in the nature of mandamus, specifically, an order that the Essex County district attorney's office and its agents[2] produce the file and certain discovery from his criminal case. G. L. c. 249, § 5. We affirm.

Montefusco was convicted in 2003 of several offenses, including two indictments charging rape. Those convictions were affirmed. *Commonwealth* v. *Montifusco*, 68 Mass. App. Ct. 1110 (2007). Montefusco now seeks to obtain materials related to his criminal case, apparently for use in support of a motion for a new trial. His efforts to obtain these materials from his own attorneys or from the prosecutors were unsuccessful, as was a motion in the Superior Court seeking relief in the nature of mandamus.[3] His petition in the county court followed.

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." *Murray* v. *Commonwealth*, 447 Mass. 1010, 1010 (2006), citing *Forte* v. *Commonwealth*, 429 Mass. 1019, 1020 (1999). "A complaint in the nature of mandamus is 'a call to a government official to perform a clear cut duty,' and the remedy is limited to requiring action on the part of the government official." *Simmons* v. *Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't*, 448 Mass. 57, 59-60 (2006), quoting *Doe* v. *District Attorney for the Plymouth Dist.*, 29 Mass. App. Ct. 671, 675 (1991). When a single justice denies relief in the nature of mandamus, "his determination will rarely be overturned." *Mack* v. *Clerk of the Appeals Court*, 427 Mass. 1011, 1012 (1998), quoting *Security Coop. Bank* v. *Inspector of Bldgs. of Brockton*, 298 Mass. 5, 5-6 (1937).

Montefusco has not established any entitlement to mandamus relief. To the extent that he challenges the Superior Court judge's ruling denying relief, "mandamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991). Further, neither the district attorney nor his agents has any "clear cut duty" to produce a case file or other discovery in these circumstances, where Montefusco has been convicted of several crimes, the convictions have

---

[1]We spell the petitioner's name as it appears on the petition filed in the county court.

[2]The petition incorrectly identified a judge in the Superior Court as one of the agents of the district attorney's office.

[3]There is no indication in the record that Montefusco appealed from the Superior Court judge's adverse ruling.

been affirmed, and there is no motion for a new trial pending.[4] Postconviction discovery is governed by Mass. R. Crim. P. 30 (c) (4), as appearing in 435 Mass. 1501 (2001), which allows a judge to authorize such discovery "[w]here affidavits filed by the moving party . . . establish a prima facie case for relief." As Montefusco does not have a motion for a new trial pending, he cannot now obtain discovery under this rule. There is also no obligation on the district attorney to produce the documents pursuant to the public records law, G. L. c. 66, § 10, as Montefusco sought to have him do, because materials relating to an allegation of sexual assault are exempt from that law. See G. L. c. 41, § 97D; G. L. c. 265, § 24C.

Relief in the nature of mandamus is inappropriate for the further reason that Montefusco has not shown the absence of alternative means to obtain the documents he seeks. Montefusco was represented by several trial and appellate attorneys in succession throughout the criminal proceedings. Although he asserts in his brief that he wrote to each of them to request his file, the record does not substantiate this assertion. In particular, the record contains no correspondence between Montefusco and his most recent attorney, who filed Montefusco's brief and presented oral argument in his direct appeal from his convictions and also filed an application for further appellate review.[5] There is also no indication that Montefusco ever contacted his first appellate counsel's attorney, as he was advised to do.[6] Alternatively, as discussed above, rule 30 (c) (4) provides a mechanism for a defendant to obtain discovery in connection with a motion for a new trial. In sum, the single justice did not err or abuse his discretion in denying relief in the nature of mandamus.

*Judgment affirmed.*

The case was submitted on briefs.

*Carlo R. Montefusco,* pro se.

*Catherine Langevin Semel,* Assistant District Attorney, for the Commonwealth.

---

[4]The Commonwealth represents that Montefusco already received the documents in the pretrial discovery process. We need not determine whether Montefusco in fact previously received each and every document he now seeks.

[5]A copy of Montefusco's letter to his trial counsel seeking the file, and trial counsel's response, is included in the record appendix. The record appendix also includes documents mentioning Montefusco's efforts to correspond with one of his appellate attorneys, but it does not include a copy of the correspondence itself.

[6]Montefusco's first appellate counsel has since been disbarred for reasons unrelated to this case. *Matter of McBride,* 449 Mass. 154 (2007). The Board of Bar Overseers provided Montefusco with the name of an attorney who represented the disbarred attorney in his bar discipline proceeding.

