*Conrad V. Murphy,* pro se.

LAWRENCE WATSON *vs.* KEVIN MCCLERKIN. October 30, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Mandamus. Practice, Civil,* Action in nature of mandamus.

Lawrence Watson appeals from a judgment of a single justice of this court denying his petition for relief in the nature of mandamus. This matter arises from an action commenced by Watson in the Boston Division of the Housing Court Department. Watson filed a notice of appeal from the judge's decision in that action. Watson seeks an order compelling assembly of the record[1] and an order directing the judge to act on his request for a waiver of the costs of ordering and transcribing the tape recording of the trial court hearing. See G. L. c. 261, §§ 27A-27G. We affirm the judgment of the single justice denying mandamus relief.

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." *Murray* v. *Commonwealth,* 447 Mass. 1010, 1010 (2006), citing *Forte* v. *Commonwealth,* 429

_____

[1]Watson acknowledges in his brief that the record was assembled in the trial court and forwarded to the Appeals Court after the single justice denied relief. His first request for relief — an order compelling assembly of the record — is therefore moot.

Mass. 1019, 1020 (1999). When a single justice denies relief in the nature of mandamus, "his determination will rarely be overturned." *Mack* v. *Clerk of the Appeals Court*, 427 Mass. 1011, 1012 (1998), quoting *Security Coop. Bank* v. *Inspector of Bldgs. of Brockton*, 298 Mass. 5, 5-6 (1937). Watson has not established an entitlement to mandamus relief. We have reviewed the record that Watson presented to the single justice, which consisted solely of unsworn, unsubstantiated allegations, along with a single page from the Housing Court docket. Cf. *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998) ("it was the petitioners' burden to create a record — not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate their allegations"). In particular, nothing in the record before the single justice substantiates Watson's allegation that he had filed a request under G. L. c. 261, §§ 27A-27G, or that the judge failed and refused to act on his request. Nor does the record before the single justice demonstrate that Watson availed himself of other available means to obtain a ruling on his request before seeking extraordinary relief. See *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997). The record was thus wholly insufficient to demonstrate that mandamus relief was warranted. See *Murray* v. *Commonwealth, supra* at 1010 n.4, citing *Gorod* v. *Tabachnick, supra.* In these circumstances, the single justice did not err or abuse her discretion in denying relief.[2]

*Judgment affirmed.*

*Lawrence Watson*, pro se.

---

[2]Watson's petition in the county court and his brief in the full court also contain allegations that the judge violated the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H and 11I, by making a decision adverse to him in the Housing Court case, but it does not appear that he seeks any relief based on these allegations or that he is attempting to commence a civil rights action against the judge. (Further, there is no indication in the record before us that the judge was served with process.) We need not address those allegations further in the circumstances, except to say that the enactment of G. L. c. 12, §§ 11H and 11I, did not abrogate the doctrine of judicial immunity. See *Chicopee Lions Club* v. *District Attorney for the Hampden Dist.*, 396 Mass. 244, 252 (1985).

