TOMMY BIRKS *vs.* NATHANIEL GREEN. May 31, 2012. *Supreme Judicial Court,* Appeal from order of single justice. *Mandamus. Practice, Civil,* Action in nature of mandamus.

Tommy Birks appeals from a judgment of a single justice of this court denying his petition for a writ of mandamus. We affirm.

Birks was convicted of murder in the first degree and illegal possession of a firearm. This court affirmed the convictions, as well as the denial of Birks's motion for a new trial. See *Commonwealth* v. *Birks,* 435 Mass. 782 (2002). In September, 2010, Birks filed a motion in the trial court seeking appointment of counsel to prepare another motion for a new trial. The judge who presided over Birks's trial denied the motion. Birks thereafter filed, again in the trial court, a petition for a writ of mandamus asking the court to order trial counsel to answer twenty questions, which would, presumably, in Birks's view, assist him with his motion for a new trial. The judge denied that petition as well. Birks then filed essentially the same mandamus petition in the county court, although in addition to asking the court to order trial counsel to answer the twenty questions, he asked, in the alternative, for the court to appoint counsel to assist him in preparing a motion for a new trial.

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." *Murray* v. *Commonwealth,* 447 Mass. 1010, 1010 (2006), citing *Forte* v. *Commonwealth,* 429 Mass. 1019, 1020 (1999). Birks does have "other relief" available — he could have sought leave, pursuant to G. L. c. 278, § 33E, to appeal from the denial, in the trial court, of his motion for appointment of counsel, his mandamus petition, or both. Although he submitted in the trial court a notice of appeal from the denial of the motion to appoint counsel, there is no indication in the record that he sought the requisite leave to appeal. See *Commonwealth* v. *Davis,* 410 Mass. 680, 683 (1991) ("gatekeeper" provision of G. L. c. 278, § 33E, "expressly prohibits an appeal from 'any motion' filed in the Superior Court after § 33E review without the leave of a single justice of this court"). Instead, Birks filed his mandamus petition in the county court, seeking essentially the same relief that he sought in the mandamus petition filed in the trial court. Although a petition for a writ of mandamus may be brought in either this court or the Superior Court, this does not mean that a petitioner may sequentially seek the identical relief in one court after the other. Concurrent jurisdiction does not, in other words, allow Birks two bites of the apple.

The single justice did not abuse her discretion in denying Birks's petition for a writ of mandamus.

*Judgment affirmed.*

---

[2]The petitioner might first contact the Attorney and Consumer Assistance Program within the Board of Bar Overseers.

The case was submitted on briefs.

*Tommy Birks*, pro se.