# RESCRIPT OPINIONS.

DOMINGO ARDON *vs.* COMMITTEE FOR PUBLIC COUNSEL SERVICES.[1] December 18, 2012. *Constitutional Law,* Assistance of counsel. *Committee for Public Counsel Services. Mandamus. Practice, Civil,* Action in nature of mandamus. *Practice, Criminal,* Capital case, Postconviction relief, Appeal. *Supreme Judicial Court.*

In 1996, the petitioner, Domingo Ardon, was convicted of murder in the first degree. This court affirmed the conviction. *Commonwealth* v. *Ardon,* 428 Mass. 496 (1998). The petitioner has filed multiple pro se motions for a new trial in the Superior Court since then, and has sought appointment of counsel with respect to these postconviction, postappeal claims. After consideration, the Committee for Public Counsel Services (CPCS) declined to appoint counsel. Likewise, the trial judge denied the petitioner's motion for appointment of counsel. Thereafter, the petitioner filed a petition, pursuant to G. L. c. 249, § 5, in the county court seeking relief in the nature of mandamus. He challenged both CPCS's decision not to appoint counsel and the trial judge's denial of his motion for appointment of counsel. The single justice properly denied relief.

"A complaint in the nature of mandamus is 'a call to a government official to perform a clear cut duty,' and the remedy is limited to requiring action on the part of the government official." *Simmons* v. *Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't,* 448 Mass. 57, 59-60, (2006), quoting *Doe* v. *District Attorney for the Plymouth Dist.,* 29 Mass. App. Ct. 671, 675 (1991). Such an action "is appropriate to compel a public official to perform an act which the official has a legal duty to perform." *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n,* 397 Mass. 341, 344 (1986). It is not appropriate in these circumstances. The petitioner has no constitutional or statutory entitlement to the "assistance of appointed counsel in preparing or presenting a postconviction motion for a new trial." *Parker* v. *Commonwealth,* 448 Mass. 1021, 1023 (2007). See G. L. c. 211D, § 5 (CPCS obligation to assign or appoint counsel limited to proceedings where the "laws of the commonwealth or the rules of the supreme judicial court require that [the] person in such proceeding be represented by counsel"). Because there is no "clear cut duty" to appoint counsel in this situation, *Montefusco* v. *Commonwealth,* 452 Mass. 1015, 1015 (2008), mandamus is not proper; mandamus cannot be used to compel a public agency to perform a discretionary act. See *Anzalone* v. *Administrative Office of the Trial Court,* 457 Mass. 647, 655 (2010). The

---

[1]The petitioner named the "Committee for Public Counsel" as the respondent. The Committee for Public Counsel Services (CPCS) does not dispute that it was the intended respondent, and we treat it as such.

single justice therefore properly declined to issue a writ of mandamus to CPCS.[2,3]

Extraordinary relief in the nature of mandamus was also unwarranted for the additional reason that the petitioner failed to demonstrate the absence of adequate alternative remedies. See *Murray* v. *Commonwealth*, 447 Mass. 1010, 1010 (2006). Because the defendant stands convicted of murder in the first degree, "he could have sought leave, pursuant to [the gatekeeper provision of] G. L. c. 278, § 33E, to appeal from the denial, in the trial court," of his motion for appointment of counsel. *Birks* v. *Green*, 462 Mass. 1013, 1013 (2012). See *Commonwealth* v. *Davis*, 410 Mass. 680, 683 (1991) ("gatekeeper" provision of G. L. c. 278, § 33E, applies to "any motion" filed in Superior Court after plenary review).

*Judgment affirmed.*

The case was submitted on briefs.

*Domingo Ardon*, pro se.

*Jennifer L. Sullivan*, Assistant Attorney General, for the respondent.

[2]Likewise, mandamus was not available to compel the trial judge to appoint counsel. Mandamus will not "issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Mack* v. *Clerk of the Appeals Court*, 427 Mass. 1011, 1012 (1998), quoting *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991). See *Mains* v. *Commonwealth*, 433 Mass. 30, 35 (2000) (assignment of counsel pursuant to Mass. R. Crim. P. 30 [c] [5], 379 Mass. 900 [1979], is "by discretion of the judge . . . and not by right"); *Commonwealth* v. *Conceicao*, 388 Mass. 255, 263-264 (1983) (same).

[3]We decline to address additional issues and arguments raised on appeal that were not properly raised before the single justice.