NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12190


KYL V. MYRICK  vs.  SUPERIOR COURT DEPARTMENT.[1]


April 18, 2018.


Mandamus.  Practice, Civil, Action in nature of mandamus.  Supreme Judicial Court, Superintendence of inferior courts.


Kyl V. Myrick appeals from a judgment of a single justice of this court denying his petition for relief in the nature of mandamus.  Myrick's petition sought the reversal of a Superior Court judgment dismissing a civil complaint that he had filed in that court.  That complaint concerned the denial of his applications for criminal complaints in the Boston Municipal Court Department.  In his petition to the single justice, Myrick also challenged the Superior Court judge's declining to recuse himself from the matter.  The single justice correctly denied both the petition and Myrick's subsequent request for reconsideration.

"It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy."  Rines v. Justices of the Superior Court, 330 Mass. 368, 371 (1953).  See, e.g., Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001 (2012).  There was, as the single justice recognized, a plainly adequate alternative remedy for Myrick to pursue after his complaint in the Superior Court was dismissed, namely, an appeal to the Appeals Court from the judgment of the Superior Court dismissing the complaint.

_____

[1] The real party in interest, the defendant named in the complaint filed in the Superior Court Department, was not made a party to these proceedings.

See Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013).  As for Myrick's claim that the Superior Court judge should have recused himself, that claim also could have been raised on appeal to the Appeals Court.  See Bloise v. Bloise, 437 Mass. 1010, 1010 (2002), citing Doten v. Plymouth Div. of the Probate & Family Court Dep't, 395 Mass. 1001, 1001 (1985).  See also Ewing v. Commonwealth, 451 Mass. 1005, 1006 (2008).

Judgment affirmed.


Kyl V. Myrick, pro se.
Eric A. Haskell, Assistant Attorney General, for the defendant.