NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12402

KYL V. MYRICK  vs.  APPEALS COURT.[1]


January 29, 2019.


Practice, Civil, Action in nature of mandamus, Rescript from appellate court.


Kyl V. Myrick appeals from a judgment of the county court denying, without a hearing, his petition for relief in the nature of mandamus.  In his petition, Myrick sought an order directing the Appeals Court to recall the rescript that it issued after affirming, in an unpublished decision, a final judgment of the Superior Court.[2]  See Myrick v. Harvard Univ., 91 Mass. App. Ct. 1109 (2017) (affirming dismissal of complaint on statute of limitations grounds).  We affirm.

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Montefusco v. Commonwealth, 452 Mass. 1015, 1015 (2008), quoting Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006).  "When a single justice denies relief in the nature of mandamus, '[her] determination will rarely be overturned.'"  Montefusco, supra, quoting Mack v. Clerk of the Appeals Court, 427 Mass. 1011, 1012 (1998).  "A complaint in the nature of mandamus is 'a call to a government official to perform a clear cut duty,' and the remedy is limited to requiring action on the part of the government official."  Montefusco, supra, quoting

_____

[1] The real party in interest, Harvard University, which was the defendant in the Superior Court action, was not named in the petition in the county court.

[2] This was apparently intended to enable Myrick to file a belated application for further appellate review.

Simmons v. Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't, 448 Mass. 57, 59-60 (2006). The Appeals Court had no duty to recall the rescript, which court records show was duly issued in accordance with the rules of appellate procedure.[3] To the extent that Myrick seeks an order directing the Appeals Court to reverse the judgment of the Superior Court, "mandamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." Montefusco, supra, quoting Callahan v. Superior Court, 410 Mass. 1001, 1001 (1991). Moreover, mandamus is not "to be used as a substitute for ordinary appellate procedure." Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012 (2018), quoting Rines v. Justices of the Superior Court, 330 Mass. 368, 371 (1953). Contrary to Myrick's suggestion, the fact that he had a separate appeal pending here in no way barred him from pursuing the ordinary process by applying for further appellate review.

In sum, Myrick has not demonstrated any entitlement to relief in the nature of mandamus. The single justice properly denied relief.

Judgment affirmed.


Kyl V. Myrick, pro se.

---

[3] Both in his brief and in his petition, Myrick suggests repeatedly that the doctrine of present execution has been violated in this matter. The doctrine of present execution authorizes appellate review of interlocutory orders of the trial court in certain narrowly limited circumstances, see, e.g., Patel v. Martin, 481 Mass. 29, 32 (2018), and has no applicability to an appeal from a final judgment of the trial court.