NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12488

JAIDEEP S. CHAWLA  vs.  APPEALS COURT.


April 11, 2019.


Practice, Civil, Action in nature of mandamus.  Supreme Judicial
    Court, Superintendence of inferior courts.


        Jaideep S. Chawla appeals from a judgment of a single
justice of this court denying his complaint for relief in the
nature of mandamus or, in the alternative, for relief pursuant
to G. L. c. 211, § 3.  We affirm.

        Background.  Pursuant to the False Claims Act, Chawla
commenced a qui tam action in the Superior Court against two
individuals being prosecuted by the Federal government for
narcotics offenses.[1]  In general, Chawla sought recovery of taxes
due under the controlled substances tax, G. L. c. 64K, on the
illegal narcotics allegedly possessed by certain individuals as
part of their criminal enterprise.  After investigation, the
Attorney General elected not to intervene in the qui tam action,
see G. L. c. 12, § 5C (3), and moved to dismiss it.  See G. L.
c. 12, § 5D (2).  Chawla appealed from the allowance of the
motion, and a panel of the Appeals Court affirmed the judgment
dismissing the case.  See Chawla v. Gonzalez, 90 Mass. App. Ct.
1102 (2016).  Chawla next filed a petition for rehearing in the
Appeals Court.  See Mass. R. A. P. 27 (a), as appearing in 396
Mass. 1218 (1986).  One of the original panel members was no

_____

        [1] The False Claims Act "encourages individuals with direct
and independent knowledge of information that an entity is
defrauding the Commonwealth to come forward by awarding to such
individuals a percentage of the Commonwealth's recovery from the
defrauding entity."  Scannell v. Attorney Gen., 70 Mass. App.
Ct. 46, 48 (2007).

longer a member of that court, and another associate justice (replacement judge) of the Appeals Court was called in to take part in the decision. See Mass. R. A. P. 24 (a), 365 Mass. 872 (1974). The petition for rehearing was denied. Chawla's subsequent motion for recusal of the replacement judge was denied.[2] Chawla did not file an application for further appellate review.[3]

Chawla thereafter filed a complaint in the county court, which he amended twice. The second amended complaint seeks relief in the nature of mandamus, pursuant to G. L. c. 249, § 5, to compel the replacement judge to demonstrate the basis for his decision not to recuse himself from participation in the proceeding, to order the judge's recusal, and to compel the Appeals Court both to vacate the denial of his petition for rehearing and to reconsider it. In addition, pursuant to G. L. c. 211, § 3, Chawla seeks appointment of a special prosecutor to investigate the Attorney General and an order vacating the Superior Court's judgment in the qui tam action. The single justice correctly denied relief.

Discussion. "It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy." Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012 (2018), quoting Rines v. Justices of the Superior Court, 330 Mass. 368, 371 (1953). Chawla could have sought review of the replacement judge's decision not to recuse himself, and the alleged effect of that decision on the panel's ultimate ruling on the petition for rehearing, by filing an

[2] Chawla seeks the recusal of the replacement judge on the ground that, years before becoming an associate justice of the Appeals Court, he was employed as an assistant district attorney and his responsibilities included prosecution of alleged narcotics dealers and gang members. Although the employment was completed years before and in a different county from the one in which the events underlying the qui tam action occurred, Chawla nonetheless asserted that the associate justice "has or should have" knowledge of material facts underlying Chawla's qui tam claim, including with respect to enforcement of the controlled substances tax, G. L. c. 64K, § 9. Nothing about these bare assertions required the replacement judge to recuse himself.

[3] Chawla sought and obtained from this court an extension of time in which to file an application, but never filed one.

application for further appellate review.  See Abdullah v. Secretary of Pub. Safety, 447 Mass. 1009, 1009 (2006) (relief properly denied under G. L. c. 211, § 3, where petitioner could have, but did not, seek leave to obtain further appellate review).  See also Ewing v. Commonwealth, 451 Mass. 1005, 1006 (2008).

Moreover, a judge's decision whether to recuse him- or herself from a particular proceeding is generally, as it was here, within the judge's discretion.[4]  A complaint in the nature of mandamus is limited to requiring a public official to perform a "clear cut duty," as opposed to requiring the exercise of discretion in a particular way.  Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012), cert. denied, 571 U.S. 872 (2013), quoting Simmons v. Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't, 448 Mass. 57, 59-60 (2006).  "[M]andamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her."  Myrick v. Appeals Court, 481 Mass. 1029, 1030 (2019), quoting Montefusco v. Commonwealth, 452 Mass. 1015, 1015 (2008).  In this case, the single justice properly declined mandamus relief to compel the recusal of the replacement judge, to require the Appeals Court to recall its rescript, to vacate the denial of Chawla's petition for rehearing, or to compel reconsideration of the petition.  None of these things is a type of action that could be compelled by a complaint for mandamus.

With respect to Chawla's request pursuant to G. L. c. 211, § 3, that the single justice appoint a special prosecutor to investigate the Attorney General, or to order the Superior Court to vacate its judgment, the single justice determined that "[t]his is not a matter for the exercise of the court's extraordinary power under [G. L. c. 211, § 3]."  We agree.  The court's power of general superintendence is reserved for extraordinary circumstances, where the petitioner has demonstrated both a substantial violation of a substantive right and the absence of an adequate alternative remedy.  See Pandey

---

[4] Chawla cites no authority for his claim that an associate justice of the Appeals Court is required to state his or her reasons for denying a recusal motion.  Cf. S.J.C. Rule 1:22 (b), 458 Mass. 1301 (2010) (justice of Supreme Judicial Court is encouraged but not required to "provide a brief statement of his or her reasons for denying" recusal motion).  Mandamus will not lie to impose such a requirement.

v. <u>Roulston</u>, 419 Mass. 1010, 1011 (1995).  Chawla made no showing of any substantive right to an investigation of the Attorney General in these circumstances.  See generally <u>Carroll, petitioner</u>, 453 Mass. 1006 (2009).  With respect to the Superior Court's judgment, he also failed to demonstrate the absence or inadequacy of remedies alternative to G. L. c. 211, § 3.  Specifically, he could have filed an appropriate postjudgment motion in the Superior Court, see Mass. R. Civ. P. 60, 365 Mass. 828 (1974), and appealed from any adverse ruling.

The single justice neither erred nor abused his discretion in denying the complaint.[5]

<u>Judgment affirmed</u>.

<u>Jaideep S. Chawla</u>, pro se.
<u>Jeffrey T. Walker</u>, Assistant Attorney General (<u>Amy Crafts</u>, Assistant Attorney General, also present) for the defendant.

---

[5] We decline to consider matters that were not raised before the single justice, or that are inadequately presented on appeal.  See <u>Dowd</u> v. <u>Dedham</u>, 440 Mass. 1007, 1007-1008 (2003).