**1005 Emory G. Snell, Jr., appeals from a judgment of the county court denying his complaint for relief in the nature of mandamus. Snell was convicted of murder in the first degree, based in part on the testimony of a medical examiner who performed an autopsy on the body of the victim, Snell's wife. Commonwealth v. Snell, 428 Mass. 766, 769, 705 N.E.2d 236, cert. denied, 527 U.S. 1010, 119 S.Ct. 2351, 144 L.Ed.2d 247 (1999). In 2012, pursuant to the public records law, G. L. c. 66, § 10 (a ), Snell requested from the Office of the Chief Medical Examiner (OCME) twenty-seven categories of documents concerning *720 that medical examiner.[1] The OCME denied the request, asserting that the information requested, to the extent that it existed, was exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (c ), because it was in the medical examiner's personnel file. Snell appealed to the supervisor of records (supervisor). At the request of the public records division, the OCME provided a specific response to each of the twenty-seven categories, claiming as to most of the categories either that the documents were exempt from disclosure or that the OCME had no responsive documents. By letter dated March 8, 2013, the supervisor, noting that a document is not exempt from disclosure merely because it is contained in a personnel file, instructed the OCME to review its records; redact them where necessary; provide them to Snell; and, to the extent that the OCME claimed the records were exempt from disclosure, provide a comprehensive response to support the exemption claim. When the OCME did not do so in a timely manner, Snell filed his complaint, which sought an order directing the OCME to comply with the supervisor's March 8, 2013, letter.
The single justice properly denied relief. "When a single justice denies relief in the nature of mandamus, '[her] determination will rarely be overturned.' " Watson v. McClerkin, 455 Mass. 1002, 1003, 915 N.E.2d 1065 (2009), quoting Mack v. Clerk of the Appeals Court, 427 Mass. 1011, 1012, 695 N.E.2d 1074 (1998). "A complaint in the nature of mandamus is 'a call to a government official to perform a clear cut duty,' and the remedy is limited to requiring action on the part of the government official." Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001, 979 N.E.2d 1093 (2012), cert. denied, 571 U.S. 872, 134 S.Ct. 185, 187 L.Ed.2d 126 (2013), quoting Simmons v. Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't, 448 Mass. 57, 59-60, 858 N.E.2d 727 (2006). As the single justice stated, Snell made no showing that the OCME had a clear cut duty to produce any of the documents he was requesting or that the OCME was refusing to produce any record that was not exempt from disclosure under the public records law. Nor is there any indication in the record that the OCME was refusing to comply with the supervisor's instructions. In these circumstances, Snell has not shown that he was entitled to relief in the nature of mandamus.
Moreover, "[i]t would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used **1006 as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy." Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012, 94 N.E.3d 838 (2018), quoting Rines v. Justices of the Superior Court, 330 Mass. 368, 371, 113 N.E.2d 817 (1953). A person requesting public records may commence a civil action in the Superior Court to enforce the public records law. G. L. c. 66, § 10A (c ). Snell offers no reason why this would not have been an adequate remedy in these circumstances. The single justice *721 neither erred nor abused her considerable discretion by denying relief.[2]
It appears that, separately from these proceedings, Snell has moved for a new trial in his criminal case and has sought similar postconviction discovery in connection with that motion. These efforts have met with some success, as a judge in the Superior Court ordered the OCME to produce the medical examiner's personnel file, along with other documents, for in camera review. After oral argument in this matter, the OCME informed us that it produced the personnel file and that after in camera review, the judge found that it contained no documents relevant to Snell's motion for a new trial. We express no view whether that ruling was correct, and we need not determine whether these developments render this appeal moot.
The OCME has moved to dismiss this appeal as moot, arguing that, after the single justice's decision, it supplemented its initial response to Snell's public records request and that therefore Snell has received all the relief he requested in his mandamus complaint. We need not determine whether the OCME's supplemental response in fact fully disposed of Snell's requests.