NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12590

CHRISTIAN MIRANDA  vs.  SUPERIOR COURT DEPARTMENT.[1]


April 25, 2019.


Practice, Civil, Action in nature of certiorari.


Christian Miranda appeals from a judgment of the county court denying, without a hearing, his complaint seeking relief in the nature of certiorari pursuant to G. L. c. 249, § 4.  In that complaint, Miranda, who has been convicted of certain drug-related offenses, sought relief from an order of the Superior Court denying his motion for postconviction discovery.  That order was subject to review in the ordinary appellate process. "It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy."  Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012 (2018), quoting Rines v. Justices of the Superior Court, 330 Mass. 368, 371 (1953).  The single justice properly denied relief.

Judgment affirmed.


Greg T. Schubert for the plaintiff.
Thomas E. Bocian, Assistant Attorney General, for the Commonwealth.

---

[1] In his complaint, Miranda named, as the sole defendant, a judge of the Superior Court.  The single justice ordered the judge's name stricken from the case caption and replaced with the Superior Court.  The real party in interest, which was not named as a party in these proceedings, is the Commonwealth.