NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

OE-0142


IN THE MATTER OF ARTHUR BURNHAM.


April 29, 2020.


Practice, Civil, Action in the nature of mandamus.  Supreme
    Judicial Court, Superintendence of inferior courts.


       Arthur Burnham filed a complaint in this court seeking
relief in the nature of mandamus.  For the reasons set forth
infra, the complaint is dismissed.

       The complaint sets forth four primary requests for relief,
all relating to postconviction motions and requests for relief
that Burnham has made in a criminal proceeding in the Superior
Court to withdraw his guilty plea.  Specifically, he requests
that this court (1) clarify whether his motion to withdraw his
guilty plea pursuant to Mass. R. Crim. P. 30 (b), as appearing
in 435 Mass. 1501 (2001), is a collateral proceeding or a direct
appellate proceeding (implicating the right to counsel);[1]
(2) clarify whether appointment of counsel is otherwise required
in such proceeding as a reasonable accommodation under the
Federal Americans with Disabilities Act; (3) clarify whether he
is entitled to other reasonable accommodations requested in the
Superior Court; and (4) provide a "speedy remedy" for various
other alleged instances of inaction or misconduct by the
Superior Court in failing to provide relief requested in that
court.

───────────────────

       [1] At the time the complaint was filed in the county court,
Burnham's motion to withdraw his guilty plea in the underlying
criminal proceeding remained pending.  The Superior Court docket
reflects that the motion was denied on March 4, 2020, and that
Burnham filed a notice of appeal from that denial on March 18,
2020.

"It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy." Chawla v. Appeals Court, 482 Mass. 1001, 1002, cert. denied, 140 S. Ct. 521 (2019), quoting Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012 (2018). Here, the relief requested by Burnham may be (and in some cases, already has been) requested in the first instance in the Superior Court. If relief is denied in the Superior Court, review is available in the Appeals Court on appeal from a final judgment or a final appealable order, as appropriate. See Mass. R. A. P. 4 (b), as appearing in 481 Mass. 1606 (2019). Burnham fails to make a showing that these alternative avenues of relief are inadequate.

Moreover, "[a] complaint in the nature of mandamus is limited to requiring a public official to perform a 'clear cut duty,' as opposed to requiring the exercise of discretion in a particular way." Chawla, 482 Mass. at 1002, quoting Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012), cert. denied, 571 U.S. 872 (2013). "[M]andamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." Chawla supra, quoting Myrick, 481 Mass. at 1030. Thus, mandamus relief does not lie with respect to Burnham's various challenges to discretionary decisions of the Superior Court.

For these reasons, a judgment shall enter dismissing Burnham's complaint for relief in the nature of mandamus.

So ordered.

Arthur Burnham, pro se.