NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13512

JOSE L. NEGRON  vs.  COMMISSIONER OF CORRECTION & others.[1]


May 29, 2024.


Mandamus.  Practice, Civil, Action in nature of mandamus.



The petitioner, Jose L. Negron, appeals from a judgment of
a single justice of this court denying his petition for relief
in the nature of mandamus pursuant to G. L. c. 249, § 5.  We
affirm.

The petitioner is currently incarcerated at the
Massachusetts Correctional Institution, Norfolk.[2]  In his
petition, he sought to compel the respondents to comply with
various statutes and regulations related to allowing inmates to
participate in various programming and to earn so-called "good
conduct deductions" in order to reduce the length of his
sentence.[3]  More specifically, he stated in his petition that the

---

[1] Department of Correction (department); and several named
department officials.

[2] The petitioner states that he is serving a sentence of
from twenty to twenty-five years for home invasion, and cites to
Commonwealth v. Negron, 81 Mass. App. Ct. 1137 (2012), in which
the Appeals Court affirmed that conviction.  He does not,
however, provide any additional information, such as a trial
court docket, that might indicate the basis for his
incarceration.

[3] Pursuant to G. L. c. 127, § 129D, one of the statutes to
which the petitioner cites, for example, "[p]risoners are

respondents have used the Department of Correction (department) "Program Engagement Strategy" (PES) as a "tool" to deny equal participation in programming.  Additionally, according to the petitioner, the respondents indicated that until the petitioner participates in the "Community Recovery Academy," he will not be allowed to enroll in other programming.[4]  The single justice denied the requested relief without a hearing, and the petitioner appeals.

"Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).  "When a single justice denies relief in the nature of mandamus, 'his determination will rarely be overturned.'"  Montefusco v. Commonwealth, 452 Mass. 1015, 1015 (2008), quoting Mack v. Clerk of the Appeals Court, 427 Mass. 1011, 1012 (1998).  "The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies."  Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016).  The petitioner has not met, and cannot meet, this burden where he had another adequate and effective avenue for seeking relief:  he could have filed a complaint in the Superior Court.  See Rasheed v. Commissioner of Correction, 103 Mass. App. Ct. 1106 (2023) (after plaintiff's informal and formal grievances, filed in connection with department's PES policy, were denied, plaintiff filed complaint in Superior Court).[5]

The single justice did not abuse his discretion or commit an error of law in denying relief.

---

eligible to earn deductions from sentences and completion credits, collectively known as good conduct deductions, for participation in and completion of" certain programs and activities.

[4] The department implemented the PES to incentivize inmate participation in various programming meant to prepare inmates for "successful reentry into the community."  Rasheed v. Commissioner of Correction, 103 Mass. App. Ct. 1106 (2023), quoting Butler v. Turco, 93 Mass. App. Ct. 80, 81 (2018).

[5] The petitioner appears pro se.  To the extent that he purports to represent not only himself but other similarly situated individuals as well, he may not do so.  See Stevenson v. TND Homes I LLC, 482 Mass. 1006, 1006 n.1 (2019), cert. denied, 140 S. Ct. 562 (2019).

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>Jose L. Negron</u>, pro se.