SUPREME JUDICIAL COURT 
 
 JOSEPH F. DeLONG vs. REGISTER OF PROBATE FOR MIDDLESEX COUNTY

 
 Docket:
 SJC-13707
 
 
 Dates:
 March 18, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Mandamus. Practice, Civil, Action in nature of mandamus. Register of Probate. Probate Court
 
 

             The petitioner, Jospeh F. DeLong, appeals from a judgment of a single justice of this court denying his petition for relief in the nature of mandamus pursuant to G. L. c. 249, § 5.  We affirm.
            The petition stems from the petitioner's effort to be appointed as personal representative of his deceased mother's estate.  His mother, Nancy Ann Blickenstaff, died in December 2022.  According to the petitioner, at the time of his mother's death he had been released on parole from a term of imprisonment and was caring for her.  Several months later, the petitioner's brother, Stephen DeLong, also died.  The petitioner subsequently learned that prior to his death, Stephen had filed "some papers . . . in Lowell Probate Court," including a form document that stated that the petitioner had "renounced" his "right to appointment as personal representative" of their mother's estate, leaving Stephen to be the representative.  Although the petitioner's signature is on the document, he states that he did not actually sign the document and that his signature was forged by Stephen.  
            The record before us is difficult to discern, but according to the petitioner, the following then occurred.  The petitioner attempted to file certain motions in the Probate Court, seeking to be appointed as personal representative of his mother's estate (and, he states, of his brother Stephen's estate as well).  Those papers were returned to the petitioner because they were not properly completed.  The petitioner was subsequently determined to have violated his parole and again incarcerated.  When he was later released, he found that his belongings, including any documents pertaining to his mother and her estate, had been stolen, confiscated, or thrown away.  
            The petitioner is now incarcerated again, and he has sought to file, by mail, a number of motions in the Middlesex Division of the Probate and Family Court Department in Lowell. He has received at least one form letter in response, stating that the pleadings had been reviewed for filing and were unable to be processed.  The letter suggests that the pleadings will be processed when any needed corrections are made.  A note at the bottom of the letter states, "A personal rep. was appointed[;] a voluntary can not be filed."  The petitioner's subsequent efforts to file the documents, again according to his delineation of events, including writing directly to the court clerk, to the respondent, and to the Chief Justice of the Probate and Family Court, were to no avail.[1]  He also tried to file a motion to intervene, to which he never received any response.  This led the petitioner to file his mandamus petition in the county court, in which he asked the court to order the Probate Court to appoint him as personal representative of his mother's estate.  The single justice denied the petition.
            The petitioner has now filed what purports to be a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Technically speaking, that rule does not apply here because there are no interlocutory rulings at issue.  Regardless, this is not a circumstance where relief from this court is required.  "Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available."  Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999).  "When a single justice denies relief in the nature of mandamus, 'his determination will rarely be overturned.'"  Montefusco v. Commonwealth, 452 Mass. 1015, 1015 (2008), quoting Mack v. Clerk of the Appeals Court, 427 Mass. 1011, 1012 (1998).  
            The petitioner argues that he has no other remedy -- the papers that he sought to file were, essentially, rejected by the Probate Court, and his subsequent efforts to seek help from the court clerk, the respondent register of probate, and the Chief Justice of the Probate and Family Court were to no avail.  Cf. Skandha v. Clerk of the Superior Court for Civil Business in Suffolk County, 472 Mass. 1017, 1018 (2015) (detailing, in context of assembling record on appeal, steps party might take if clerk refuses to accept documents for filing).  Although the petitioner has included various documents in the record in what appears to be an attempt to demonstrate that he has taken all possible actions in the Probate Court, it is not clear from the record that this is so.  The record includes, among other things and as noted above, what appear to be copies of various letters sent to the court, but some of the letters appear to be undated, while others include multiple dates.  The motions themselves, to the extent they are included in the record, are unclear.  In short, the single justice was well within his discretion to deny the petition.  See id.  See also Matthews v. D'Arcy, 425 Mass. 1021, 1022 (1997) (single justice not required to believe petitioner's "bare, unverified allegation . . . that he had unsuccessfully pursued" various avenues of relief in trial court).
            That said, it is also not clear why the petitioner's papers were not accepted by the Probate Court.  There may well be a valid reason that is simply not apparent from the record before us; or it may be that the reason is not apparent to the petitioner.  To that end, should the petitioner seek to again file similar papers in the Probate Court, it might behoove the Probate Court judge or the register of probate as applicable, to provide a more detailed explanation regarding the rejection of any such papers, to aid both the petitioner and the appellate court.  
Judgment affirmed.
The case was submitted on the papers filed, accompanied by a memorandum of law.
Joseph F. DeLong, pro se.
 
footnotes

 
            [1] The record before us includes copies of letters addressed to both the respondent and to the Chief Justice of the Probate and Family Court; there is no indication, however, or any proof, that the letters were mailed to or received by their intended recipients.